By the Court. Bosworth, J.
No evidence was given or offered by the defendants. There was no conflict in the evidence given by the plaintiffs. It either established, or was insufficient prima facie to establish, that the defendants were joint owners of the steamboat Rhode Island during the time the labor was performed, and the materials were furnished, to recover the value of which the action is brought. Whether they were such joint owners was the only question controverted at the trial.
The instrument of the first of Hovember, 1849, declares that defendant Brown “ hereby sells” one-half of the steamer “ as she now is,” at the rate of $50,000 for the whole. So far, the language and legal effect of the instrument are clear and unequivocal. They pass a present interest.
The only doubt arises out of the provision in relation to the payment of the purchase money. That was to be paid in the notes of Furniss, on time, and to be dated on a day then uncertain. Although the time when this day should arrive could not then be known, and possibly might not occur, yet the half of $50,000 was to be paid for a definite subject, in its then condition.
The sale by Brown, and purchase by Furniss, were made with the intent to convert the steamer into an ocean steamer at their joint expense, to be employed on their joint account.
Brown covenanted, construing the covenant most unfavorably to him, to convert her into an ocean steamer at an expense not exceeding $10,000, and Furniss agreed to pay half of the actual expense, within that limit. This covenant I regard as a distinct and independent covenant, and not as a conditional covenant, the full performance of which was essential to vesting title in Furniss to half of the steamer as she then was. Full performance fixed the day for the date of the notes to be given, for the half of the vessel sold on the 1st of Hovember, 1849, as she then was, as well as the date of the notes to be given for half of the cost of the alterations. Full performance of the covenant on the part of Brown was made; the vessel left her wharf completed on the last of January, 1850, and she was registered in the names of Brown and Furniss, as joint owners, on Furniss’ affidavit of such joint ownership. This affidavit was made two *304 or three days before the alteration was fully completed, and before title vested in Furniss, if it did not vest on the execution and delivery of the instrument of November, or if it was not “ out of the carpenter’s hands, fit and ready for sea.” If out prior to making the affidavit, there is nothing to show when title vested, if it did not vest on the execution of the agreement.
This is not a controversy between Brown and Furniss, but is one between them and third persons. The acts of Furniss during the progress of the work, and with reference to it, in such a controversy, are to be considered, and their proper weight is to be given to them, and they may, of themselves, in a controversy like this, be conclusive. Furniss was almost daily inspecting the work and superintending it. He did not content himself with mere observation, which would have been proper if his purchase was only conditional, and dependent on the fact of her being converted into a steamer fit for ocean navigation. Such inspection would have been proper in case of a conditional purchase, to enable him to judge whether the conditions were fully performed—the performance of which would make it obligatory on him to pay the contract price.
But his directions were those of an owner, exercising the right of control, and in some instances they actually superseded those given by the defendant Brown. In such cases, the directions of Furniss were obeyed by the plaintiffs, and those of Brown disregarded. All such work was done literally by his personal order. Such acts are a practical construction by Furniss of the instrument of Uov. 1,1849, and treat it as passing at its date, a title to one-half of the steamer as she then was, and making them tenants in common from that date. They exhibit him acting as an actual joint owner with Brown in reference to the matter of converting her into an ocean steamer, and in fact exercising a paramount control with reference to the manner of doing the work. It was a control over these plaintiffs, who were neither parties to nor cognizant of the instrument of ÍTov. 1,1849, but who were third persons furnishing materials to the steamer, and expending labor upon her, on account of her owners. Who actually employed them was not shown nor attempted to be. In the absence of any express contract, credit is presumptively given to the persons in posses *305 Bion acting as owners. Those so in possession and so acting, hold themselves out to third persons as owners, and aré liable to them as such.
The instrument of Nov." 1,1849, contained apt and effective terms to then pass title to half of the vessel. Nothing remained to be done by the vendor, with respect to the subject matter for which $25,000 was to -be paid. That was to be paid for half of the steamer as she then was. The only thing contingent was the term of credit. That was to be fifteen months at all events, and as much longer as the period that might elapse between that date and the time of converting her'into an ocean steamer. Instead of contracting, in the first instance, with a third person to make the alterations, as between themselves, it was agreed that Brown should do it, at a cost not exceeding $10,000, and for less if practicable—and Furniss was to pay the $25,000 fifteen months from the time the change was completed. It was completed, and it is not suggested that this did not occur within the shortest period contemplated by the parties. Furniss undoubtedly had a right, under the other clauses of the contract, to appoint officers, employ a crew, engage passengers and freight, while the work was progressing, so as to commence loading her for a voyage to the Pacific the moment the repairs should be completed. Whether he did so, does not appear. The clause in respect to each defendant’s insuring his own interest, under what I regard as a fair construction of the whole instrument, was in force from its date. That clause, however, if the sale was clearly conditional, would only be effective from the time the sale became absolute and the title vested, and cannot have any controlling force given to it, in construing the contract.
A bill of sale reciting the registry is not essential to transfer the title. In the case of registered vessels, a bill of sale reciting the registry is requisite, not for the purpose of transferring the title, but for the purpose of securing her American character. The possession of one of two joint owners, is the possession of both. So far as there is any evidence of actual possession while the work was progressing, she was as much .controlled by Furniss as by Brown. That the delivery of a bill of sale of an interest in a ship will pass title, and that the subsequent pdssession *306 of the part owner so selling will be the possession of both, no one, it is presumed, will deny.
We think the evidence given at the trial made out a clear • primó facie, case of the joint ownership of the defendants, as between them and the plaintiffs, during the time the materials were furnished and .the work, was done.
If the instrument of Hovember 1, 1849, had been still more express, and had positively declared that the one-half so bought by Furniss was from that time to be at his exclusive risk, as his absolute property, and had contained the same provisions, that it now does as- to the date of the notes, it would have been possible for events to occur making the right of Brown to recover the purchase money doubtful. The time of fixing the date of the notes, in the contemplation of the parties, was certain to arrive, and within a brief period. The agreement provides that Furniss might in the meantime contract liabilities on joint account, as if its arrival was certain and definite. That time did arrive, as the defendants anticipated. The title not only passed on the execution and delivery of the instrument of sale, but the time of payment arrived, and whatever doubts ■ there might have been on the face of the instrument alone, as to the rights and liabilities of the defendants, as between themselves, while the repairs were being made, if Furniss had not interfered with them; yet on the whole case, as between the defendants and the plaintiffs, who do not appear to have ever - heard of the agreement of the 1st of Hovember, 1849, and who were working on account of the owners, and following the di-. rections of the defendants, who were in possession and acting as such, Furniss in fact exercising the paramount authority and control, a primó fade case' of joint ownership was established, and the judgment must be affirmed.