By the Court. Oakley, Ch. J.
Notwithstanding the words “I have purchased,” literally construed, may bear the interpretation that has been given to them, we are clearly of opinion, that the contract upon which this action was founded, was not executed, but executory; not an actual and present sale, but an agreement to sell, to be carried into effect on a future day. The intention of the parties, in agreements of this nature, is to be collected from the whole instrument; it is the intention, thus collected, that the court is bound to carry into effect, and in doing so, the literal import of particular words, when inconsistent with the intention, thus ascertained, may be, and, in numerous cases, has been disregarded. (3 Duer, 309.) In Decker v. Furniss, (3 Duer, 292,) the instrument, which related to the sale of a steamboat, began with the words, “ W. H. Brown sells to M. P. Furniss the one-half of the steamboat Rhode Island,” yet, in reversing the judgment of this court, the Court of Appeals held that the contract had not the effect of vesting an immediate title in Furniss, but was an agreement to sell, and not a sale, and that, although the words used denoted a present transfer, a future only was intended. In determining the true character of a contract of sale, as executed or ex-ecutory, the question must always be, whether the intention was to vest in the purchaser an immediate and absolute title to the thing sold, without reference to the payment of the price, or whether the delivery of the thing, and the payment of the price, were to be simultaneous acts, for in this last case, it is certain that, until delivery, the title remains in the seller. (9 M. & N. 312; 2 B. & Ald. 329; 18 John, 434; 6 Wend. 77; 1 Denio, 591.) And we deem it to be equally certain, that where delivery and payment are to be concurrent acts, the promises of the parties are dependent and conditional, and neither, therefore, is entitled to bring an action against the other, for his refusal to perform, without showing, on his own part, an actual performance, or a legal offer to perform. (Lester v. Jewett, 1 Kern. 454.)
Applying these rules to the contract before us, it seems to us quite evident, that it was not the intention of the plaintiffs to give to the defendant a present and absolute title to the stock, so as to enable him, at once, to claim its delivery, without paying, or offering to pay, any portion of the stipulated price; yet such was the necessary consequence, if the defendant became the owner of the *341 stock "by the mere execution of the agreement. As to the allegation, that the plaintiffs were to retain the possession of the stock, as their security for the payment of the price, we regard and reject it, as simply gratuitous, since the agreement contains not a solitary phrase from which an intention to pledge the stock, as belonging to the defendant, can be inferred. But if the plaintiffs, without payment, were not bound to deliver the stock, it seems to us, there is no room for the supposition, that the defendant was bound to make the payment, whether the stock was delivered or not; that his promise was independent and absolute, while that of the plaintiffs was conditional. If the payment of the price, by the defendant, was a. condition of the obligation of the plaintiffs to deliver the stock, we are clear in the opinion, that the delivery of the stock by the plaintiffs, was equally a condition of the obligation of the defendant to pay the price. The doubtful words, “ I have purchased,” upon which the entire stress of the argument for the plaintiffs was laid, are, in our judgment, controlled and explained by the subsequent words, “payable and deliverable, buyer’s option, in ninety days,” for these last admit but one interpretation, and conclusively show, that the payment and delivery were to be made at the same time, and, consequently, that the promises on both sides, were dependent and conditional. The agreement, therefore, was for a future transfer of the stock, and was not an executed sale.
It follows, that the plaintiffs can have no right to maintain this action, unless they have shown that they made a tender of the stock, to the defendant, before it was commenced, and not merely » demanded payment of the price; or unless they have shown, and under the pleadings, had a right to show, that a tender was excused or waived. We do not think that any part of this necessary proof has been given.
It is not alleged, that there is any positive and direct proof of a tender, nor can we draw, as we were urged to do, from the language of the defendant, when payment was demanded, an admission that a tender had been previously and duly made. The inference that such was his meaning would be unwarranted, and such as a jury could never be permitted to draw.
Kext, as to the evidence, that a tender was waived.
We agree with the counsel for the defendant, that, according to *342 the decision in Garvey v. Fowler—which, although the decision of a single Judge, was approved by his brethren, and has since been uniformly followed—evidence to prove a waiver, under the complaint, as framed, was not admissible. . The principle of that decision is, that where facts, excusing the performance of a condition precedent, are meant to be relied on, as a ground of recovery, they must be stated in the complaint, since such facts, as material and issuable, constitute, in part, the cause of action. And it cannot be denied, that this principle is plainly applicable to the case before us. Still, had facts amounting, in reality, to a waiver, been proved upon the trial, we will not say that the complaint might not be amended, upon terms, so as to let in the proof, hereafter; but the total insufficiency of the proof that was given, relieves us from the necessity of considering that question. Nothing more was proved than an admission, by the defendant, of his liability to satisfy the claim of the plaintiffs; but we were referred to no authorities, to show, nor can we believe, that such an admission operates as a waiver of the performance of a condition precedent.
Upon the other questions that were argued by the counsel, we do not think it necessary to express an opinion.
The verdict for the plaintiffs must be set aside, and there must be a new trial, with costs to abide the event.