## HOPKINS et al. v. NELSON.

A statement is sufficient to authorize the entry of judgment by confession, under section 383 of the Code, which sets forth that "the plaintiff has this day indorsed my notes, payable at bank for $6,000, in all, for my accommodation, and to enable me to negotiate said notes," without any further description of the notes.

IN November, 1854, one Nelson confessed a judgment in favor of Benjamin Chamberlain, for $6,000. The statement upon which it was founded is set forth in the following opinion. Execution upon this judgment having been levied upon the property of Nelson, Hopkins, who had obtained a subsequent judgment, moved to set aside the judgment in favor of Chamberlain. The court, at special term, held this statement defective, in not specifying the number, dates, amounts, and times when payable, of the notes. Upon appeal, the court, at general term in the eighth district, held the statement sufficient; and Hopkins appealed to this court.

*John K. Porter*, for the appellant.

*A. G. Rice*, for the respondent.

GOULD, J. A judgment, entered on confession, where the statement is imperfect, under the provisions of the Code, is not absolutely void; but is good as between the parties thereto. As to third persons, whose rights have attached by a judgment, or by purchase of, or lien on, property affected by the confessed and defective judgment, the latter judgment is not amendable, but, as to them, is voidable, and, on their moving to avoid it, is adjudged to be void, so far as they and their rights are concerned. On this point, the decision of the Supreme Court, so far as the appeal of the plaintiff Chamberlain was concerned, was correct.

The statement of the confession to Chamberlain is, that it is "for the purpose of securing the plaintiff against his *liability*

arising from the facts hereinafter set forth, and does not exceed the amount of such liability. The said plaintiff has this day *indorsed my notes*, payable at bank, for six thousand dollars in all; which indorsements are made by said plaintiff for my accommodation, and to enable me to negotiate said notes; and this confession and judgment is given him to secure him against his liability as such indorser, and for no other purposes."

In regard to judgments confessed to secure indorsers and sureties, prior to the Code they were confessed by the same form, (of bond and warrant of attorney,) which was used in the case of absolute debt. And the Commissioners of the Code, holding the giving of a judgment to be a legitimate mode of securing indorsers and sureties, yet deemed it right that the record should state the truth, and show that the judgment was but security, and its binding effect but contingent; saying, in their report, "so that its (the judgment's) *purpose* or *intent* cannot be denied or concealed." To this end they provided that, in such cases, the confession must "state concisely *the facts constituting* the liability, and must show that the sum confessed therefor does not exceed the same" contingent liability.

There can be no doubt that the confession before us fully meets the requirement of showing that it is for no debt, but for a contingent liability. It further shows that such contingent liability arises, not out of any contract as surety, (in the common use of the word,) but that, in fact, the plaintiff had that day become the accommodation indorser of the defendant, and that that fact constituted the liability against which the judgment was intended to protect the plaintiff, and that such indorsements were upon notes to the full amount for which the judgment was confessed.

· The appellant claims that stating these facts is not a sufficient compliance with the Code (§ 383), and that the roll should show the date, time to run, amount, and place of payment, of each note so indorsed by the plaintiff. To judge by the examples given us by the appellant, such a statement would not be a concise one. But is it necessary, for the purposes of

the section? The statement we have fully answers the purpose of showing the confession to be, not for money due, but for a contingent liability. It states the facts which show this, and "*the facts*" which certainly do "constitute" just such a liability. By the act of indorsing, the plaintiff became contingently liable. The maker of the note had the absolute power over it, and its indorsement; and by no legal power could the indorser undo his act, or obtain control of the note. The compliance with the section is literally complete. Is it so in substance?

To ascertain this, the object of the section is to be considered. And that is, to have a compliance which, while it allows abundant means of giving such security, shall afford all reasonable protection against a fraudulent use of this form.

If this statement be true; if the defendant be not guilty of perjury; there is no fraud in the confession. How is there to be any fraud in enforcing it? As it states on its face that it is for a contingent liability, when the plaintiff attempts to enforce it, any judgment-creditor, &c., can put the plaintiff (by motion to set aside his execution), to the proof that his contingent liability has become absolute, and he then may be compelled to show, not concisely, but in detail, the particulars which make up his gross amount. Or, as has been done in this case, a subsequent judgment-creditor, being, by the face of the record, notified that it is open to such a contingency, may, by motion, attempt to set it aside as actually fraudulent. And if (as it has been proved in the court below), there was no fraud in fact, there seems no need of construing the section so as to give an undue advantage to a junior judgment-creditor, instead of merely affording him that adequate protection which he has by so construing the section as to hold this statement on confession good.

The order of the general term of the Supreme Court should be affirmed.

SELDEN, Ch. J., was absent; all the other judges concurring,

Judgment affirmed.