## Coyle *vs.* The Western Railroad Corporation.

The plaintiff delivered a quantity of beer barrels at one of the freight houses of the defendant, at East Albany, for transportation to Boston, directed to a person in that city. The plaintiff had been in the habit, on former occasions, of sending receipts for barrels, for the defendant to sign, which was not done at this time. The defendant employed a receiving and a shipping clerk, whose duty and practice it was, on being notified of the delivery of goods for transportation, to correct tally, and check them, and hand his account to the book-keeper, to be entered in a book, from which book goods were shipped. No goods were shipped unless receipted. The barrels in question were not tallied, counted, booked or receipted, nor did the plaintiff ask to have them counted, tallied, &c. But the barrels were delivered at the usual place for transacting such business, and received by persons in the employ of the defendant; and the defendant's agent was present when a portion of the property was delivered, and directed where it should be put. The barrels were accidentally destroyed by fire, on the same evening they were delivered, and while in the posssession of the defendant, in its freight house. *Held* that the defendant received the property for the purpose of *transportation*, and not as a *warehouseman ;* and that it was liable, as a *common carrier*, for the value of the goods.

A PPEAL from a judgment entered in favor of the plaintiff upon the decision of the judge, at the Albany circuit, on a trial without a jury.

The action was brought against the defendant as a common carrier, to recover the value of one hundred and one half beer barrels which were delivered at one of the freight houses of the defendant, at East Albany, on the 5th day of July, 1861, for transportation to Boston, directed to a person in that city. The same evening the barrels were destroyed by fire, which took place accidently, while they were in the possession of the defendant. The plaintiff had been in the habit, on previous occasions, of sending receipts for the company to sign, by the last load, which was not done at this time. The appellant employed a receiving and shipping clerk, whose duty and practice it was, on being notified of the delivery of goods for transportation, to correct tally and check them, and hand his account to the book-keeper, who entered them in the book kept for that purpose, and by this book the goods were

shipped. The goods were not shipped unless receipted. The barrels in question were not tallied, counted, booked or receipted, nor did the plaintiff, or any one in his behalf, apply to the defendant to have them counted, tallied, booked or receipted. There was some evidence to show that the receiving agent was present when some of the articles were delivered, and had notice of the delivery. The judge found, among other things, that the barrels were delivered for transportation, and received by the defendant as a common carrier, and that the plaintiff was entitled to recover for their value and interest, $220.22; for which amount judgment was entered, and the defendant appealed to the general term. The appeal was submitted upon printed briefs.

*C. B. Cochran,* for the appellant.

*Colvin & Bingham,* for the respondent.

*By the Court,* MILLER, J. The question to be determined in this case is, whether the defendant sustained the relation of common carrier, or warehouseman, in reference to the property which was delivered by the plaintiff, and which is the subject matter of this controversy.

I think it is quite clear that the defendant received the barrels as freight, to be transported on the railroad of the company, and was liable as a common carrier, for the loss occasioned by the fire which consumed them.

The evidence establishes that the barrels were delivered at one of the freight houses of the defendant, at the usual place for transacting such business, and received by persons in the employ of the railroad company. The defendant's agent was present when a portion of the property was delivered, and, according to the testimony of one of the witnesses, directed where it should be put.

I think there can be no doubt that the barrels were placed by the defendant's employees in the freight house, for the con-

venience of the company, with a view and for the purpose of facilitating their transportation to the place of destination for which they were designed, and to which they were directed. These were not placed there to remain for any period of time, but to be forwarded at the earliest practicable period. Under such circumstances, it is manifest that the defendant received the property for the purpose of transportation, and not as a warehouseman, and that the company is liable as a common carrier. (*Angell on Carriers*, §§ 131, 144. *Story on Bailm.* 536. *Edw. on Bailm.* 446, 449. *Redf. on Rail.* 246, 248. *Blossom* v. *Griffin*, 13 *N. Y. Rep.* 569. *Ladue* v. *Griffith*, 25 *id.* 364.)

Several objections are urged to the alleged delivery of the property, but I am of the opinion that they are not valid, and can not be upheld.

It appears to me that there is sufficient evidence to warrant the conclusion that the parties who received the property were authorized to do so ; that the delivery was brought home to the knowledge of the defendant ; that notice was given to those who acted for the defendant, and the property was accepted for carriage.

The delivery was complete, so far as the plaintiff was concerned, as he had nothing more to do. The taking of a receipt for the property was not essential to complete the delivery. It was for the plaintiff's benefit, and the defendant can not complain because he thus failed to protect himself by a written acknowledgmet of the delivery, instead of relying upon verbal proof of that fact, should it be required.

Nor do I think that any thing remained to be done by the consignor, or his agent, after the delivery of the property to the railroad company, before they were ready to transport it.

The counting, checking and entering the property upon the books of the company for shipment, were matters connected with the course of business of the defendant, which were for the protection and the benefit of the railroad company, and which could not in any way affect the delivery. Suppose

these had all been entirely neglected, and the goods had been shipped before they were consumed, and had been lost or destroyed; would the defendant have been exonerated? Certainly not; for the very apparent reason that these were acts of the defendant, and the plaintiff could not be made to suffer by their omission.

The property having been received into the possession of the defendant, in accordance with the usual course of business, the delivery was perfect and complete, and the defendant is liable as a common carrier, for its loss.

There was no error in the findings of the court, or in the refusals to find as requested. The latter were based upon the questions already discussed, and it is therefore not essential to examine them at length.

The judgment must be affirmed, with costs.

[ALBANY GENERAL TERM, March 5, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]