Jones, J.
The plaintiffs claim, 1st. The dividend declared on the 1000. shares, and interest.
2d. The difference between the value of 1000 of the additional shares on Feb. 8th, 1868, and the sum required by the company to be paid therefor, and interest.
3d. The difference between the value of the 1000 shares mentioned in the contract, on the 8th of February, 1868, and the contract price and interest.
The defendant contests all these claims, and himself claims the difference between the contract price of the 1000 shares mentioned in the contract, and their market valúe on the 19th of December, 1867, with interest thereon.
As to the plaintiffs’ claims: The first two evidently depend on whether the contract was executed, or executory; that is, whether it operated as an actual and present sale, or only as an agreement to sell, to be carried into effect on a future day.
Dividends declared, and additional shares issued, become the property of those who own the stock in respect whereof they are declared and issued, at the time of such issuance and declaration. They are not incorporated in, nor do they become a part of, that stock in respect whereof they *647 are issued; but are mere profits arising therefrom to the then owners thereof.
One by making a contract whereby he agrees to sell, a year after its date, property, real or personal, does not thereby deprive himself of any 'profit which may have accrued therefrom, or advantage which may arise from its possession or use, during that year; nor do such profit and advantage pass to the purchaser, in the absence of an express contract that they shall pass. If, then, the contract in question is executory, and remainéd unexecuted until after the dividends were declared, and the additional stock was issued, the plaintiffs are not entitled to them.
It is often a matter of great difficulty to determine whether a contract is executed or executory; but in this case, whatever doubts I may have had are set at rest by the case of Kelley v. Upton, (5 Duer, 336,) decided by the general term of this court, which is a direct authority in point, and according to which the contract in question is executory. Nothing was attempted to be done to execute it until December 19, 1867, long after the dividends were declared and the additional stock issued.
It results that the first two claims of the plaintiffs must be disallowed.
The third claim is founded on an erroneous application of the rules relative to the measure of damages. This defendant, if liable at all, is so for the simple breach of a contract to deliver certain stock, the.vendee not having paid to the vendor the purchase money-in advance: In such a case the measure of damages is the difference between the contract price of the articles agreed to be sold, and their market price on the day of breach. This difference the plaintiffs would be entitled to recover. It therefore becomes necessary to ascertain whether the defendant broke his contract. If so, when, and the market value of the stock on the day of the breach.
*648 If there has been any breach by the defendant, it occurred either on'the 19th or 31st of December, 1867.. As the market value of the stock on each of those days was less than the contract price, the plaintiffs', even if there was a breach by the defendant, suffered no damage. It is therefore unnecessary, in this view, to consider whether there was such breach.
As to the defendant’s claim :
This rests on the defendant’s allegation that there was a breach of the contract on the plaintiffs’ part on the 19th of December. To establish such breach, he insists that he on that day tendered, and was ready and. offered .to deliver, the stock, but the plaintiff neglected to receive it and pay for it. Assuming that his handing up Exhibit H, the stock being in his possession, was a sufficient tender and a sufficient indication to the plaintiffs of his readiness then and there to fulfill his contract, yet the effect of it was done away with by his subsequent acts, at the same interview. Eor after the plaintiffs handed him Exhibits I and K he clearly withdrew his previous tender, and declared himself not ready then to fulfill his contract, by saying that he desired time to consult his lawyer, and would return shortly, and thereupon departing with the stock in his possession.
The result arrived at is, that neither party has a' claim against the other for damages arising out of a breach of the contract in question, and that each party is entitled to a return of the deposits made by him, with the interest thereon.
The case is one in. which each party should pay his own costs.