Peckham, J.
 

 Had the plaintiff, the vendor of the goods, the right to maintain an action for their loss
 
 %
 
 Here the evidence shows that Hewell
 
 &
 
 Turpin, of Rochester, had ordered the goods from plaintiff, of Hew York city, to be sent to them
 
 “
 
 via canal, such as you sent last.” Plaintiff sent them a bill by mail of the purchase, and shipped the goods “ via canal,” by defendant’s boat. Plaintiff also remitted to the purchasers a bill of-sale of the goods.
 

 The presumption of law is, that the consignee is the owner of the goods in the absence of any evidence on the subject, and is the proper party to sue, for their injury or loss.
 
 (Sweet
 
 v.
 
 Barney,
 
 23 N. J., 235 ;
 
 Price
 
 v.
 
 Powell,
 
 3 Comst., 322;
 
 Everett
 
 v.
 
 Saltus,
 
 15 Wend., 474; Ang. on Carriers, § 497, and cases cited.)
 

 There have been decisions qualifying this rule as to the proper party to sue, some holding, that an action might be maintained by the consignor, where he had made a special contract for the transportation.
 

 In
 
 Moore
 
 v.
 
 Wilson
 
 (1 Tr. R., 659), an action was sustained by the consignor against a carrier, where it appeared that the consignee had agreed with the plaintiff to pay for the transportation.
 

 
 *38
 
 Buller, J., holding that the agreement was between the
 
 “
 
 consignor and the carrier, the former of whom was, by law, liable.” One case only is referred to ; this was in 1787, in a note (1 A tic, 248), where the Lord Chancellor declares the rule to be the other way, and that such an action would not lie.
 

 In
 
 Joseph
 
 v.
 
 Knox
 
 (3 Camp., 320) where goods had been shipped by plaintiff, an agent of the owner, who resided abroad, to be forwarded to a given place, and the freight paid by the agent and consignor, a recovery was allowed by Lord Ellenborough, at
 
 nisi
 
 prints, on the ground of the special contract. This in 1812. So in
 
 Davis
 
 v.
 
 James
 
 (5 Burr., 2680), a like rule was held where the consignor agreed to pay, and paid the carrier, in 1770. In
 
 Dawes
 
 v.
 
 Peak
 
 (8 Durn & E., 330), it was unanimously held, after full citation of authorities and consideration, that an action by the consignor would not lie for the loss of the goods, when they had been delivered to a particular carrier by order of the consignee, though he paid for booking the goods. Lord Kenyon, Ch. J., in delivering the opinion of the court, observed: (K. B.)
 
 “
 
 This question must be governed by the consideration in whom the legal right was vested, for he is the person who has sustained the loss.” The court held, that this booking was done as the agent of the consignee. This in 1799. In
 
 Brower
 
 v.
 
 Hodgson
 
 (2 Camp., 36), a like decision at
 
 nisi
 
 prim, by Lord Ellenborough, where the goods were shipped by order, and on account of the consignee, as appeared by the bill of lading. So held, on the ground that the property was in the consignee, from the time óf delivery, on board the vessel. This in 1809.
 

 In
 
 Dutton
 
 v.
 
 Solomonson
 
 (3 Bos. & Pul., 582), same doctrine. Lord Alvanley, Ch. J., expressed his surprise that the point should be questioned, as he said it appeared to him to be a proposition as well settled as any in the law, that if a tradesman order goods to be sent by a carrier, though he names no particular carrier, the moment the goods are delivered to the carrier it operates as a delivery to the purchaser.
 
 *39
 
 The whole property immediately vests in him; and he alone can bring an action for any injury done to them.
 

 In 1803, in
 
 Freeman
 
 v.
 
 Birch
 
 (1 Nev. & Man., 420), a laundress sent linen she had washed to the owner in London, and paid the carriage Lost by the carrier, and action by laundress sustained on the ground that she had a special property in the linen; but admitted by both justices, Littledalb and Pabke, that if there be a complete sale the property is out of the vendor altogether. There the vendor transmits as agent for the vendee.
 

 Excepting cases of special contract where it has formerly been held, that the consignor may bring the action, I think the cases agree substantially that the action must be brought in the name of the consignee only, as the owner; and that the owner alone can bring the action. (Angelí on Carriers, § 497.) In such case, he and not the consignor must bring the action, for the consignor has his remedy against the purchaser. (Id.) Where the contract of purchase and sale is not valid or complete by reason of the statute of frauds, the goods being over the value of £10, and the title, therefore, still vests in the consignor, though the goods have been delivered to the carrier, no acceptance, and all still vesting in parol, the action must be brought by the consignor,
 
 (Coombs
 
 v.
 
 The Br. and Ex. R. Co.,
 
 3 Hurl. & Nor., 510.) But all the judges, in delivering opinions, admitted the rule to be, that the consignee must have brought the action had the order been in writing, and the sale valid. The question was whether the property passed to the vendee. If it did, he must sue.
 

 In 1858 (see
 
 Potter
 
 v.
 
 Lansing,
 
 1 J. R., 215). That the property passed to the consignee, in the case at bar on its delivery to the carrier “via the canal,” is entirely clear.
 
 (People
 
 v.
 
 Haynes,
 
 14 Wend., 546 ; Ang. on Carr., § 497; Smith’s Merc. Law, 290, 5th ed.; 2 Kent’s Com., 8th ed., p. in mar., 499, and cases cited. There is nothing disclosed in the case to qualify or modify that title. In the language of the books, it is a complete sale. No special contract by the
 
 *40
 
 vendor with the carrier, and no payment of the price of transportation, if either could affect the title of the vendee. I think it clearly could not. The order being positive and in writing, and stating the mode of conveyance, where the goods were delivered to the carrier pursuant to that order, the title passed absolutely to the vendee, subject to the right of stoppage in transitu, and it gave no right of action to the vendor to sue for the loss of the vendee’s goods, though the vendor, as agent for vendee, paid the carriage, or in like character, specially contracted with the carrier to transport. Had the consignor agreed with the consignees to deliver the goods to them at Eochester, the rule would be different. Then the consignees would not be the owners till delivery at Eochester. But upon what principle a vendor can sue for the loss of anothér’s goods, it is difficult to see.
 

 In this case the right of action being in the vendee under the facts disclosed, the return of the empty barrel to the vendor, and his sending on another in no manner affected that right, either by extinguishing or by assigning it to the consignor.
 

 Judgment should be reversed, and new trial ordered, costs to abide event.
 

 All concur.
 

 Judgment reversed.