O'Neill v. New York Central and Hudson River Railroad Co.

---

O'NEILL v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, appellant.

*Sale and delivery — presumption of title — Statute of frauds — delivery and acceptance — Common carrier — goods awaiting transportation.*

Where the contract is that the seller of goods shall deliver them to a carrier to be transported to the buyer, and they are delivered accordingly, if the goods are afterward lost, the legal presumption is that the buyer is the owner, and entitled to sue for such loss.

Cider, purchased by the plaintiff by a parol contract by which it was to be delivered to the defendant — a railroad company — for transportation, was, after being put into his own casks, and thus separated and identified, delivered to the defendant, and while in its freight depot awaiting transportation a part of it was destroyed by fire. *Held,* that the contract of sale being by parol, was not valid as an executory contract without proof of an acceptance and receipt of part of the goods. But the plaintiff having, after a portion of the cider had been destroyed, received and accepted the residue thereof, and paid the price of the whole ; *held,* that these facts were sufficient to take the case out of the statute of frauds, and to give to the plaintiff a right of action for the value of the goods lost.

*Held,* also, that the property was not in the possession of the defendant as a warehouseman, but as a common carrier, and that the law fixed its liability as such.

APPEAL from a judgment rendered by the county court of Monroe county, upon an order denying a motion for a new trial.

The action was brought by Edward J. O'Neill against the defendant. The complaint contained two causes of action. 1. For the loss of 22 barrels and 32 gallons of cider, delivered by one Tallman to the defendant at Fairport, for transportation to the plaintiff at Rochester. 2. For the loss of 14 iron-bound cider casks belonging to the plaintiff, and of 646 gallons of cider delivered by one J. R. Hill to the defendant at Fairport, for transportation to the plaintiff at Rochester, the claim for which cider had been assigned to the plaintiff.

The defendant, by its answer, admitted its incorporation, but denied every other allegation in the complaint. For a second answer the defendant alleged that the property mentioned in the complaint was never delivered to or received by the company, either as a common carrier or otherwise ; that Tallman and Hill were, at the time specified in the complaint, collecting and drawing to the defendant's depot at Fairport, barrels of cider (including that mentioned in the complaint), for the purpose of having the same received by the company for transportation whenever the owner or owners of said cider should thereafter direct; but that while it was being collected and drawn to the said depot, and before the owner or owners had drawn to the depot all the cider which he or they designed to draw there, and before the defendant had entered into any contract for the transportation thereof, and before such owner or owners had parted with the control and custody thereof, or given any directions for the shipment thereof, the said depot of the defendant at Fairport, in

O'Neill v. New York Central and Hudson River Railroad Co.

which said cider then was, was accidentally destroyed by fire, and said cider was destroyed, without any fault or negligence on the part of the defendant. The defendant further alleged that the cider in the complaint mentioned was drawn to and deposited in the depot without any compensation whatever paid or agreed to be paid to the company for storage; and that the same was lost, as aforesaid, without the fault of the defendant.

On the trial the plaintiff gave evidence tending to show that he entered into a contract with J. R. Hill for the purchase of 100 barrels of cider, to be delivered at Rochester; that Hill should ship the same over the defendant's railroad from Fairport, he agreeing to commence drawing the cider at once; that 14 casks of Hill's cider were drawn to the defendant's freight-house by his servant. They were not marked. That he drew another load the next morning, and found the depot burned; that it was the custom to use the depot as a place for collecting freight preparatory to shipment; that Hill was accustomed to ship by car-load of 50 casks. It was proved that the plaintiff bought Hill's claim for the lost cider previous to the commencement of this suit.

It was also proved that the plaintiff entered into a contract with Tallman for the purchase of twenty casks of cider, to be thereafter manufactured and delivered by the latter to the former, at Fairport, upon receipt of the price ; that under this contract Tallman made twenty casks of cider, and commenced drawing the same from his mill at Fairport, preparatory to shipment. He had drawn sixteen casks when the depot was burned and the cider destroyed, as he ascertained the next morning on arriving at the depot with the remaining four casks. When Tallman drew the sixteen casks he informed the man in the depot that the remainder of the cider would be drawn the next morning. After the loss, and before suit was brought, the plaintiff paid Tallman for the twenty barrels of cider. Upon this evidence of payment, the court allowed the plaintiff to amend his complaint, so as to claim as Tallman's assignee, and the complaint was so amended, and the defendant excepted. At the close of the plaintiff's evidence, and again at the close of the evidence on both sides, the defendant moved for a nonsuit. The motions were denied, and the defendant excepted.

The defendant proved, by J. R. Hill, the plaintiff's assignor, that he had a contract with the defendant for shipping over its road by the car load, which was fifty casks ; that he had contracted to sell

to the plaintiff and deliver at Rochester fifty casks of cider; that it was his intention to ship this cider at one time, and in one car, and that he instructed his servant so to inform the defendant's agent; which message was proved to have been delivered in substance. The defendant also proved by its agents that they never received any of the cider for shipment; also, that the freight-house was used as a place for collecting property preparatory to shipment.

The jury found a verdict in favor of the plaintiff. The court directed a stay of proceedings to make a case and exceptions. The case and exceptions were subsequently brought on for argument, upon the defendant's motion for a new trial. The court overruled the exceptions, denied the motion for a new trial, and ordered judgment for the plaintiff upon the verdict.

*Edward Harris*, for appellant. The contract with Tallman was executory, and no title passed without acceptance of delivery. *Burt* v. *Dutcher*, 34 N. Y. 493; *Dexter* v. *Norton*, 47 id. 62; *Comfort* v. *Kiersted*, 26 Barb. 472; *Newcomb* v. *Cranier*, 9 id. 402; *Gerard* v. *Prouty*, 34 id. 454. See, also, *Fitch* v. *Beach*, 15 Wend. 221; *Krulder* v. *Ellison*, 47 N. Y. 36. The liability of a carrier does not attach until he has received the goods, to forward presently. 2 Redf. on Railw. 46, § 156; *Rogers* v. *Wheeler*, 52 N. Y. 262. Nor had the defendant received the Tallman cider as a common carrier.

*D. C. Feely*, for respondent.

GILBERT, J. The first question relates to the cider purchased of Tallman. By a contract for the sale of specific goods, the property immediately vests in the buyer, and a right of action for the price in the seller, unless a contrary intention exists. The question in such cases is one of intention. The agreement is just what the parties intended to make it. If that intention is clearly manifested, *cedit questio. Terry* v. *Wheeler*, 24 N. Y. 520; *Kimberly* v. *Patchin*, 19 id. 330; *Russell* v. *Carrington*, 42 id. 118; Benj. on Sales (2d ed.), 227. When the contract is that the seller shall deliver the goods to a carrier to be transported to the buyer, and they have been delivered accordingly, if the goods are afterward lost, the legal presumption is that the buyer is the owner, and entitled to sue for such loss.

In this case the cider was put in the plaintiff's casks. It was

O'Neill v. New York Central and Hudson River Railroad Co.

thus ascertained — in other words, separated and identified. If the contract had been in writing, therefore, there could have been no question that the title had vested in the plaintiff before the loss. Cases *supra; Krulder* v. *Ellison,* 47 N. Y. 36. But the contract rested in parol, and for that reason was not valid as an executory contract without proof of an acceptance and receipt of part of the goods. 2 R. S. 136.

After a portion of the goods had been destroyed, the plaintiff received the residue thereof, and paid the price of the whole. We think these facts are quite sufficient to take the case out of the statute cited, and to give to the plaintiff a right of action for the goods lost. Those facts were conclusive evidence between the parties to the sale, that the goods had been accepted, and it does not lie in the mouth of the defendant to make a contrary averment.

With respect to the cider purchased of Hill there is no question made that the title was in him at the time of the loss. He made a formal assignment of his claim for such loss to the plaintiff.

It is claimed, however, that this cider was in possession of the defendant as warehouseman. We think the evidence does not warrant that inference. The cider was delivered solely for the purpose of being transported to the plaintiff. The evidence that it was received to be stored until ordered to be sent to its destination is exceedingly slight, but the question arising upon it has been determined by the jury, under proper instructions from the court. We perceive no ground for disturbing this verdict. Indeed, we think the law fixed the liability of the defendant as that of common carrier. Ang. on Carr., § 29; *Rogers* v. *Wheeler,* 52 N. Y. 262; *Edsall* v. *C. & A. R. R., etc., Co.,* 50 id. 661.

The judgment and order denying a new trial should be affirmed, with costs.

*Judgment and order affirmed.*