GILBERT V. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY.

*Delivery — what constitutes. Common carrier — when liable as warehouseman.*

G. and P. made a contract for the sale of cider from G. to P., the cider to be
shipped by railroad, by the car-load of fifty barrels each, P. agreeing to pay
for the cider shipped upon the production by G. of the shipping receipt of
the railroad company for the cider loaded. While the cider was in the
company's depot, waiting to be loaded, eleven barrels were, by the negligence
of the company, lost. *Held,* that until the railroad company gave a shipping
receipt the delivery of the cider from G. to P. was not complete, and G. was
entitled to maintain an action against the company as a warehouseman for
loss of the eleven barrels.

APPEAL by defendant from a judgment in favor of plaintiff,
entered upon the verdict of a jury, and from an order denying
a motion for a new trial.

The action was brought by Nathaniel S. Gilbert against the New
York Central and Hudson River Railroad Company to recover the
value of eleven casks of cider alleged to have been delivered by plain-
tiff to defendant and received by it at its depot at Lockport for the
purpose of transportation to the city of New York.

At the special term, upon the decision of the motion for a new
trial, the following opinion was delivered:

DANIELS, J. The motion for a new trial in this cause is sub-
stantially placed upon the inability of the plaintiff to maintain an
action for the value of the cider which was lost. It appeared that
the casks in which it was placed were sent to him by Park & Co.,
the owners of them, to be filled with cider, and then returned to
them over the defendant's railroad, from Lockport to the city of
New York. The arrangement which the evidence·showed existed
between the plaintiff and Park & Co. was that he should deliver
the cider in the casks at the defendant's depot in Lockport, and
have it loaded upon a car, each load consisting of 50 casks, take a
shipping receipt for the cider when so loaded, and transmit that,
accompanied by a draft for the price, to the purchasers.

Until the cider had been loaded upon one of the defendant's cars,
the delivery remained incomplete, and the plaintiff was not entitled
to the purchase price. His control over the cider, and his orders
concerning it under the contract between him and Park & Co.,

Gilbert v. New York Central and Hudson River Railroad Co.

continued until he had a car-load at the depot, and it was placed on one of the defendant's cars for the purchasers. Until then he could not require payment from them of the purchase price. And if the cider was previously lost or destroyed, Park & Co. would not, according to the terms of the contract, be liable to him for the price. Te entitle him to demand that, all he was required to do to perform the contract on his part would have to be shown. And that could not be done before he had procured the cider to be loaded upon a car. For that reason he was the owner until that act was performed. And as the cider sued for was lost before that time it was his loss, and if the defendant was liable to any person for it, that liability was to him. The principle on which the case of *Krulder* v. *Ellison*, 47 N. Y. 36, was decided, sustains that conclusion, and *Rogers* v. *Wheeler*, 52 id. 262, contains nothing in conflict with it. See also *Coyle* v. *Western R. R. Co.*, 47 Barb. 152.

The casks, though not owned by the plaintiff, were in his custody as a bailee until delivered with the cider, so as to discharge him from liability for their return to the defendant. And that was not done while they were awaiting the arrival of a sufficient quantity to constitute a car-load.

The cider required to form a car-load, at the price for which it was contracted to be sold, exceeded the sum of $50. It was consequently within the statute of frauds, and required a delivery to the defendant, complete under the contract of sale, before the title to it passed to Park & Co., and the evidence failed to show any such delivery.

There was sufficient evidence in the case to warrant the verdict which the jury rendered, and, as no other objections are taken to the recovery, the motion for a new trial must be denied, with costs.

*Laning & Willet*, for appellant. Plaintiff had no title at the time the property was lost. *Groat* v. *Gile*, 51 N. Y. 431; *Olyphant* v. *Baker*, 5 Den. 379; *Terry* v. *Wheeler*, 25 N. Y. 520; *Waldron* v. *Romain*, 22 id. 368; *Krulder* v. *Ellison*, 47 id. 36; *Thompson* v. *Fargo*, 49 id. 188; *Rogers* v. *Wheeler*, 52 id. 262. A demand was necessary before action brought, if the defendant received the cider as warehouseman. *Whitney* v. *Slawson*, 30 Barb. 276; *Brown* v. *Cook*, 9 Johns. 361.

*T. M. & A. H. Webster*, for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J.   So far as DANIELS, J., considered the questions arising in this case, I entirely concur with him in his opinion delivered on deciding the motion for a new trial.   There are two or three points not discussed by him, which it may be proper to consider briefly.

The appellant's counsel insists in his points on the argument of the appeal, that on delivery to the defendant of the eleven barrels of cider that have been lost or mislaid, the title vested in Park & Co., the assignees, and that thereafter the plaintiff had no interest in the property.

It was competent for the parties to the sale to agree as to what acts should be done by the vendor before title should vest in the purchaser, and until such acts were done the title would not pass. *Kelley* v. *Upton*, 5 Duer, 336; Story on Sales, § 296 (a).

The title to property does not pass upon the completion of a contract of purchase and sale until delivery of the property, unless it is so intended by the parties.   *Macomber* v. *Parker*, 13 Pick. 178; *Restelle* v. *Varnum*, 20 id. 280; *Olyphant* v. *Baker*, 5 Denio, 379.   It is manifest, in this case, that such was not the intention of the parties.   No credit for the price was contemplated. Yet, if the title passed, the plaintiff could not have sued for the price until he had not only delivered the property to the defendant, but had it loaded on the cars and obtained its receipt for the same on account of the purchaser.   The title might pass to the purchaser, and yet by the agreement the purchase-money not be payable until the happening of some future event, or until the performance of some act by the vendor.

In the absence of any such specific agreement as to delays of payment and further acts as by the agreement to be performed by the vendor, will not the law presume that it was the understanding of the parties that title should not pass until the performance of those acts, rather than that the agreement was that title should pass and payment be postponed?   It seems to us that it would.

The defendant was not liable to the plaintiff as a carrier.   The cider was not to be carried for him, but for the purchaser.   Until the title passed to the purchaser, the cider belonged to the plaintiff, and defendant held it as warehouseman merely.   When the title passed, it held the property as carrier for the consignee.

*Lakeman* v. *Grinnell,* 5 Bosw. 625; *Blossom* v. *Griffin,* 13 N. Y. 569; *Coyle* v. *Western R. R. Co.,* 47 Barb. 152.

When property is sold to be shipped by cars or other public conveyance, ordinarily the title passes on delivery to the carrier; but as I have already suggested, it was competent for the parties to agree upon the acts which the vendor should perform before the title passed; and in this case the title did not pass until defendant's receipt was obtained; and as by the arrangement between the plaintiff and defendant, the cider was to be shipped by the car-load, and the car held fifty barrels, the receipt could not be required by the plaintiff until the fifty barrels were put on the car.

Upon the evidence in the case, no demand of the cider was necessary before suit. It was placed by the direction of the agents of the defendant on the platform erected for the deposit of property intended to be forwarded by its cars. Upon such delivery defendant became responsible for it, and it was clearly established that eleven barrels were delivered to defendant which it did not account for, five of which, it seems to have been conceded, were carried off by some person other than the plaintiff, and the remaining six were shown to have been delivered, if Shook was believed, and which defendant's agents conceded could not be found. No demand under such circumstances was necessary.

The judgment and order refusing a new trial must be affirmed.

*Judgment affirmed.*