39   345
92   276

GEORGE B. MEE and HORACE E. BILLINGS, Respondents, *v.* JAMES McNIDER, Appellant.

*Contract for the sale of goods — when the delivery is complete upon the loading of the goods on the vessel — when testimony is not admissible to aid in construing a contract.*

This action was brought to recover the difference between the price at which the plaintiffs, residing in London, had sold to the defendant, residing in New York, 500 bags of cocoa, and the amount realized upon its sale, after the defendant's refusal to receive it upon its arrival in New York. The contract, which was made by a broker, read as follows:

New York, *January* 3, 1882.

Sold for Account of Mee, Billings & Co., London.

To James McNider:

Five hundred (500) bags prime fermented Bahia cocoa, at 59*s.* per cwt., C. F & I., by steamer to New York, buyers to forward cable credit or to pay banker's commission.

ARTHUR KYTE, *Broker.*

It was proved upon the trial that the letters C. F. and I. were the initial letters of the words "cost, freight and insurance." The defendant refused to receive the cocoa upon the ground that it had been damaged by salt water.

*Held,* that the plaintiffs' contract was performed when cocoa, of the kind and quality and amount specified in the contract, was delivered on board of the steamer at London, and that thereafter it was at the risk of the purchaser.

That as the agreement, when considered in the light of the evidence explaining the meaning of the initial letters, and detailing the circumstances under which it was given, was reasonably free from ambiguity or doubt, the court properly rejected evidence offered by the defendant to show how it would be understood by the witnesses whose testimony was thus rejected.

Appeal from a judgment in favor of the plaintiffs, entered on the verdict of a jury directed by the court at the New York Circuit.

*Adolph L. Sanger*, for the appellant.

*Wheeler H. Peckham*, for the respondents.

Daniels, J.:

The verdict was recovered for the difference between the purchase-price and the amount obtained upon the sale of 500 bags of prime fermented Bahia cocoa. The plaintiffs resided in London, England, and the defendant was a merchant residing and doing business in the city of New York.

The contract for the cocoa was made through the intervention of a broker, and it was in the following words, figures and characters :

NEW YORK, *January* 3, 1882.

SOLD FOR ACCOUNT OF MEE, BILLINGS & CO., LONDON,
To JAMES McNIDER :

Five hundred (500) bags prime fermented Bahia cocoa, at 59*s.* per cwt., C. F. & I., by steamer to New York, buyers to furnish cable credit or to pay banker's commission.

ARTHUR KYTE, *Broker.*

It was proved upon the trial that the letters C. F. and I., inserted in the body of the contract, were the initial letters of the words, " cost, freight and insurance." That the cocoa was laden on board of a steamer for New York at its place of shipment; and that it was of the quality and description known as " prime fermented Bahia cocoa," was proven upon the trial. Upon its arrival at the city of New York it was tendered to the purchaser, but he declined to accept or receive it, for the reason that seventy-one bags had been damaged by salt water. The cocoa was afterward sold upon notice to the defendant, and for the difference between the price mentioned in the contract and the price obtained at the sale the verdict in the action was recovered, and the defendant was legally liable for this difference if the plaintiffs' contract was performed by the delivery of the cocoa upon the steamer, to be carried by her and delivered at the city of New York. For if that is the true construction of the contract, then the property was not at the risk of the plaintiffs after it was laden on board the steamer ; but so far as it was injured, it was at the risk of the purchaser, who was the defendant. There is no doubt but that the defendant was entitled to examine and inspect the condition of the cocoa upon its arrival, before he could be held liable to receive it. But the object of that examination and inspection would legally be to determine whether the property was of the quality and amount he was entitled to have under the agreement ; and if it were, then he was bound to receive it if the plaintiffs' agreement was performed by the delivery of that description of cocoa for him on board of the steamer. For where an agreement may be made for the sale of property, which is to be performed by its delivery to a carrier for the pur-

chaser, it will not be at the risk of the seller after such delivery, provided it be of the quality and description and in amount as it is agreed by the contract to ship. (*Krudler* v. *Ellison*, 47 N. Y., 36.)

That the plaintiffs' contract was to be performed by the delivery of the cocoa, answering the description and corresponding in amount to that mentioned in the agreement, is reasonably well supported by the language of the agreement itself. For it has not been expressed as a contract for the sale of the cocoa to the defendant upon its arrival in the city of New York, but it is expressed as an agreement which should be executed or performed by the delivery of the cocoa on board the steamer. It was for so much property sold and not in future to be sold, and the price to be paid for it was made so large as to include not only the cost of the property itself, but the freight and insurance upon it, by steamer to New York. Then it was provided in it that the buyer was to furnish a cable credit for it or to pay the banker's commission in case that was not done, and this obligation was not made dependent upon the delivery of the cocoa in New York, but followed the performance of the plaintiffs' obligation to deliver it on board the steamer. No credit was given for the purchase-price as the law construes the agreement. The performance of the act of delivery on board the steamer and the obligation to pay on the part of the defendant were simultaneous. In other words one was immediately to follow the other. The object of insurance was to protect the defendant, as the plaintiffs by the agreement had no further concern for the property after its safe delivery and insurance on board the steamer.

The defendant offered evidence upon the trial concerning the agreement and what might be its understanding by the witnesses, whose evidence was rejected. But there was no error in excluding this evidence, for the agreement itself, with the explanation given of the signification of the initial letters contained in it, and the circumstances under which it was made, appears to be reasonably free from ambiguity or doubt as to what was intended by it at the time when it was made. And where that is the nature of a written instrument, oral evidence as to its meaning or effect, is not entitled to be received.

It was quite clear from the agreement what the parties designed should be accomplished by it, and that was that this cocoa should be

placed on board the steamer to be carried to New York for the defendant and there delivered to him, and that it should be at his risk while it was in the course of its transportation or, in other words, that the responsibility of the plaintiffs for its condition should not be extended beyond the time after it was properly shipped to be conveyed by the carrier to the purchaser. The defendant was legally liable to perform that part of the agreement obligating himself to pay the purchase-price of the cocoa, and if the injury to it was caused by the carelessness of the carrier, the purchaser was entitled to look to him for redress or obtain indemnity through the insurance effected upon it at the time when the shipment was made.

The judgment appears to have been right and it should be affirmed.

Davis, P. J., and Brady, J., concurred.

Judgment affirmed.