KENT-COSTIKYAN TRADING COMPANY, INC., Respondent, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Carriers — action for breakage of goods in transit — vendor may sue carrier where contract of sale is not complete under Statute of Frauds.

A vendor may sue a carrier for damages caused by the breakage of goods in transit where there was no memorandum executed to comply with the Statute of Frauds and to complete the contract of sale between the vendor and its vendee, since, under such circumstances, title to the goods does not pass to the vendee but, as a matter of course, remains in the vendor.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of plaintiff, after trial by the court without a jury.

*Charles C. Evans* [*Emmet L. Holbrook* of counsel], for the appellant.

*Levy & Becker* [*Joseph Levy* of counsel], for the respondent.

PER CURIAM:

Plaintiff sues for damages caused by the breakage of a lamp in transit. The lamp was ordered by three ladies to be delivered by express to a fourth as a gift. The defense is that the title passed from the plaintiff either to the purchasers or to the donee and

that, therefore, the plaintiff cannot recover. Several questions are raised, but need not be determined because one issue must dispose of this appeal There was no memorandum executed to comply with the Statute of Frauds. Under these circumstances the title does not pass to the vendee and the carrier may assert this defense against the vendee. (*Fein* v. *Weir*, 129 App. Div. 299, 300; *Krulder* v. *Ellison*, 47 N. Y. 36; *O' Neill* v. *New York Central & H. R. R. R. Co.*, 60 id. 138.) It follows as a matter of course that the title must remain in the vendor. While it is true that these cases were decided under the old form of statute making the contract void, the old statute was uniformly construed as the equivalent of the new statute to the effect that the contract " shall not be enforceable by action." (40 McKinney's Consol. Laws, p. 123, and cases there cited.)

The judgment is, therefore, affirmed, with twenty-five dollars costs.

All concur; present, GUY, MCCOOK and PROSKAUER, JJ.