Houghton *v.* Swarthout.

HOUGHTON *vs.* SWARTHOUT.

A justice of the peace, in making a return to the common pleas upon an appeal, acts ministerially, and is responsible to the party injured for an error in such return.

In *case* brought against a justice for a false return to an appeal, corrupt motives need not be charged.

DEMURRER to declaration. The plaintiff declared in case against the defendant for a false return to an appeal made by him as a justice of the peace of one of the towns in Otsego county to the common pleas of that county. The declaration contained two counts substantially alike, setting forth that a judgment was recovered against the plaintiff in this suit by one Palmer, before the defendant as a justice, for $37,46; from which the present plaintiff duly appealed to the common pleas; and that the defendant, in the return which the statute required him to make, *falsely*

stated the judgment to be for $27,46, instead of the true sum above mentioned ; that on the trial in the common pleas, Palmer recovered only $23,67 damages, but on account of the mis-statement in the return, Palmer recovered costs in the common pleas, which were taxed at $154,46; whereas, if the return had truly stated the judgment before the justice, [it would have shewn that it had been reduced in the common pleas more than ten dollars, and then by 2 *R. S.* 263, § 218,] he would not have been subjected to these costs, but would have recovered his own costs, amounting to a large sum, against Palmer.    Demurrer and joinder.

*Bowne & Crippen*, for the defendant, insisted that corrupt motives should have been charged, and cited 11 *John. R.* 114; 8 *Cowen*, 178; 11 *Wend.* 545.

*A. Becker*, for the plaintiff.

*By the Court*, JEWETT, J.    The principle is settled, that for a judicial act no action lies.    But for misfeasance or nonfeasance of a ministerial officer the party has redress by an action on the case.    (*Tompkins* v. *Sands*, 8 *Wend.* 462; *Cunningham* v. *Bucklin*, 8 *Cowen*, 178.)

It is made the duty of a justice of the peace who has rendered a judgment, from which a party has appealed within ten days after the same shall have been duly made, to make a return of the proceedings had before him to the court of common pleas of the county, in which shall be stated, among other things, " the judgment rendered thereon, and the time of rendering the same."    (2 *R. S.* 260, § 194, *sub.* 6.)    The same statute (§ 218, *sub.* 1,) provides that " if the defendant, against whom judgment is rendered before the justice, appeal, and judgment thereon be rendered in his favor, or the amount recovered before the justice be reduced ten dollars or more, full costs shall be awarded to the appellant."    If the return had stated the judgment at $37,46 before the justice, the plaintiff, by the provisions of the statute, would have been not only entitled to recover his costs against

Houghton *v.* Swarthout.

Palmer, but would not have been subjected to the payment of the $154,46 to Palmer for his costs.

There cannot, I think, be any doubt but that the act complained of was a ministerial and an official act of the defendant as a justice of the peace, for which he is liable to the party injured by it. The demurrer admits the return of the justice to have been false in the particular alleged.

The defendant's counsel insists that the declaration is fatally defective for not charging the act to have been done maliciously and fraudulently, and several cases are cited to sustain this position. The case of *Jenkins* v. *Waldron*, (11 *John. Rep.* 114,) was an action on the case against the inspectors of an election for refusing to receive the plaintiff's vote as an elector, he being legally qualified as such. It was held that the action would not lie without proving malice express or implied. Spencer, J., in delivering the opinion of the court said, "It would, in our opinion, be opposed to all the principles of law, justice and sound policy, to hold that officers called upon to exercise their *deliberate judgments*, are answerable for a mistake in law, either civilly or criminally, when their motives are pure and untainted with fraud or malice;" clearly showing that the act complained of in that case, was considered judicial, and not ministerial. *Cunningham* v. *Bucklin*, (8 *Cowen*, 178,) is also referred to. It was there held that an action would not lie for official misconduct in a judicial officer though of special and limited jurisdiction, although corrupt and malicious, if a statute declare his own record conclusive evidence in all courts of the facts therein contained. In *Wickware* v. *Bryan*, (11 *Wend.* 545,) also relied on, it was held that unless there be *fraud* or an *evil intent*, case would not lie against a justice of the peace, who, by negligence or carelessness, gives erroneous information as to the amount of a judgment rendered by him, to a party about to prosecute an appeal, by means whereof the appeal is lost. Savage, Ch. J., in delivering the opinion of the court says, "It must be considered as the settled law of this court, that no person is liable for any error committed in a judicial character; and it is equally well settled that he is liable for all *ministerial* acts, except those in

which he has a discretion." It was held that the act com- plained of in that case was neither a judicial or ministerial, nor even an official act. The justice, as the court say, "was under no obligation, except that of courtesy, to give the information. It was not a duty imposed by statute."

I cannot see the supposed analogy between the principles settled by the cases referred to and that which must control this case. Here the defendant, as a justice of the peace, was required by the statute to make his return and truly to set forth the judgment which he had rendered, from which the present plaintiff, as defendant in that suit, had appealed. The statute imposed on him the performance of an official duty ministerial in its character, and he is responsible for any error prejudicial to the party, however pure his motives were in the discharge of that duty. The declaration in this case contains the material averments in actions of this kind; the *falsity* of the return, and the *materiality* of the matter alleged to be falsely returned. (*Kidzie* v. *Sackrider*, 14 *John.* 195.) It was not necessary, as insisted for the defendant, to allege or prove that the justice either deceitfully, fraudulently, wilfully, knowingly or intentionally made the false return. It may well be that he intended to make a correct return ; but he is, nevertheless, responsible for the consequences of his return if it be false. I am of opinion that the declaration is good in form and substance.

Judgment for the plaintiff.