GEORGE W. BENNETT, Appellant, *v.* JOHN TAYLOR, Respondent.

*Justice of the peace — amended return.*

A justice of the peace cannot be permitted to make an amended return which will absolutely contradict what is stated in a previous return.

A return of a justice of the peace, on appeal from a judgment rendered by him in favor of the plaintiff, showed that erroneous evidence, prejudicial to the defendant, had been admitted on the trial. The plaintiff moved for an amended return and claimed that the case was taken out of the general rule on that subject, for the reason that the erroneous evidence had been in fact excluded by the justice and that the justice had been deceived by the defendant's counsel and induced by fraud to sign a false return, stating that the evidence had been admitted.

*Held,* that the affidavits submitted clearly acquitted the counsel of any such alleged impropriety, and, consequently, that the plaintiff was not entitled to any relief on that ground

APPEAL by the plaintiff, George W. Bennett, from a judgment of the County Court of Wayne county, entered in the office of the clerk of that county on the 9th day of January, 1892, reversing a

judgment of a justice of the peace in summary proceedings to recover the possession of demised premises, together with a notice of an intention to bring up for review an order made by the same court dated January 7, 1892, denying a motion to correct the return and for a reargument of the case.

*Hopkins & Converse*, for the appellant.

*S. B. McIntyre*, for the respondent.

MACOMBER, J.:

The plaintiff, as landlord, instituted summary proceedings to recover possession of certain demised premises situated in the village of Palmyra, upon the ground that the tenant, the defendant, was holding over after the expiration of his lease. Upon a trial before a justice of the peace and a jury, a verdict was rendered in favor of the landlord, and from a judgment entered thereon an appeal was taken by the tenant to the County Court, where, after argument, the judgment was reversed upon the ground of the admission of erroneous evidence prejudicial to the tenant. The record there showed that the plaintiff was permitted to testify, under objection, to two several conversations which he had with one Fred Taylor. That this evidence was inadmissible admits of no doubt, nor is it contended by the appellant here that the same was competent for any purpose. Upon the merits, therefore, of the appeal, the judgment of the County Court was clearly right.

But it is contended that the return of the justice to the County Court had been tampered with or made up, in part at least, by counsel for the tenant, and that in truth and in fact the supposed erroneous evidence upon which the justice's judgment was reversed, was not in fact ever given before the justice of the peace, but was, on objection, excluded. We agree with the learned county judge who heard the motion for an amended return and for a reargument thereon, that such motion could not be granted and that a justice of the peace cannot be permitted to make an amended return which will absolutely contradict what is stated in a previous return. (*Barber* v. *Stettheimer*, 13 Hun, 198; *Fitzgerald* v. *Fitzgerald*, 25 id. 319.) If the justice of the peace made a false return he is liable for the same to the party injured. (*Houghton* v. *Swarthout*,

1 Den. 589.) But it is claimed that the justice of the peace himself was deceived by counsel for the tenant and was induced by fraud to sign the false return, and that for this reason the case is taken out of the operation of the general rule above stated. But we have examined the affidavits given upon this subject and they clearly acquit the counsel of any such alleged impropriety, and consequently the plaintiff is not entitled to any relief upon this ground.

It follows that the judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order of the County Court of Wayne county appealed from affirmed, with costs.