HELEN C. BEARDSLEE et al., Appellants, *v.* HENRY A. DOLGE, Respondent.

Where an individual sustains an injury by misfeasance or non-feasance of a public officer, an action lies in favor of the former against the latter.

A commissioner of highways is not a judicial officer in the sense that he is entitled to the common-law protection against a civil action for misconduct in office.

In laying out a highway said commissioners exercise a special and limited jurisdiction, and while it may be presumed, until the contrary appears, that they acted legally, their acts may be impeached by showing that they exceeded their powers.

An official determination of a commissioner as to a fact upon which his power to act depends is not conclusive, and if the fact does not exist, his decision will not establish jurisdiction.

Where there is a want of authority in a public officer to hear and determine the subject-matter of a controversy, an adjudication upon the merits is a nullity, and does not estop even an assenting party.

A commissioner of highways, in making a return to a writ of certiorari brought to review his proceedings, acts as a ministerial officer, and where in his return he makes material false statements, an action lies against him in favor of a party injured.

A writ of certiorari to review the proceedings of defendant, a commissioner of highways, in locating a highway as altered, which the relator claimed was laid out through his barnyard, commanded the defendant to certify and return his proceedings "with all things pertaining thereto." In his return to the writ, defendant stated that "none of said alteration and highway proposed passes through" said barnyard. The proceedings·were affirmed on the ground that the language of the return was an answer to the claim that the highway ran through said barnyard. *Held,* that the relators were not estopped by the decision, but were entitled to show, in an action to recover damages, that the highway as proposed did run through their barnyard; and so, that the return in this respect was false, and defendant acted without jurisdiction.

(Submitted June 11, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 25, 1893, which affirmed a judgment in favor of plaintiff entered upon an order dismissing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles E. Snyder* for appellants. The facts stated in the offers of proof must be deemed to be true. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Rehberg* v. *Mayor, etc.*, 91 id. 137.) The defendant is liable for his false return. (*Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Hover* v. *Barkhoff*, 44 id. 113; *Clark* v. *Miller*, 47 Barb. 38; 54 N. Y. 528; *Wilson* v. *Mayor, etc.*, 1 Den. 595, 599; *Rector* v. *Clark*, 78 N. Y. 21; *McDonnell* v. *Buffum*, 31 How. Pr. 154; *Houghton* v. *Stewart*, 1 Den. 589; *Brooks* v. *St. John*, 25 Hun, 540; *Cunningham* v. *Bucklin*, 8 Cow. 178.) The defendant does not have the immunity of a judicial officer. (*People ex rel.* v. *Bd. of Health*, 140 N. Y. 1; *People* v. *Wheeler*,

21 id. 82; *Ex parte Clapper*, 3 Hill, 458; *M. & H. R. R. Co.* v. *Archer*, 6 Paige, 83; *A. & N. R. R. Co.* v. *Brownell*, 24 N. Y. 345; *P. P., etc., R. R. Co.* v. *Williamson*, 91 id. 552; *Dorn* v. *Backer*, 61 id. 261.) The decision of the Supreme Court and of the Court of Appeals in the certiorari proceeding affirming the order of the commissioner of highways is no defense to this action. (*Rector* v. *Clark*, 78 N. Y. 21; *Collins* v. *Hydorn*, 135 id. 320; *C. C. Bank* v. *Judson*, 8 id. 254; *Ferguson* v. *Crawford*, 70 id. 253; *Harrington* v. *People*, 6 Barb. 607; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Krekeler* v. *Ritter*, 62 id. 372.) The General Term erred in construing the return. (*People ex rel.* v. *Beardslee*, 45 Hun, 310.) The General Term erred in holding that it was manifest that the General Term and Court of Appeals must have reached the same conclusion if the portion under consideration had not been inserted therein. (*People ex rel.* v. *Comrs., etc.*, 13 Wend. 310.) An action for a false return is a proper remedy. (*People ex rel.* v. *Mayor, etc.*, 6 Hun, 652; *People ex rel.* v. *Campbell*, 18 J. & S. 82.) The complaint is in proper form. (*Rector* v. *Clark*, 78 N. Y. 21; *Brooks* v. *St. John*, 25 Hun, 540.)

*Edward A. Brown* for respondent. The hearing must be upon the writ and return. (38 Hun, 43; *People ex rel.* v. *McCarthy*, 102 N. Y. 643.) There is nothing in the return, aside from the actual proceedings, truly, honestly and correctly returned, pursuant to the requirements of the writ, showing that the road did not run through any yard of the appellants. If there is or can be construed as such, then it was irrelevant and must be disregarded. (*Stone* v. *Mayor, etc.*, 25 Wend. 168; *People ex rel.* v. *Mayor, etc.*, 2 Hill, 9; *People ex rel.* v. *Schillinger*, 32 N. Y. S. R. 354.) The commissioner, this defendant, after an inspection of the premises, held that the proposed road did not pass through the barnyards of the Beardslees. Therefore, the plaintiffs cannot recover. (*Ford* v. *Smith*, 1 Wend. 48; *Millan* v. *Jenkins*, 9 id. 298; *Rector* v. *Clark*, 12 Hun, 198; 78 N. Y. 21.)

BARTLETT, J.   This is an appeal from the General Term, fourth department, affirming a non-suit at Circuit.

This action is brought to recover damages for a false return to a writ of certiorari made by the defendant when acting as highway commissioner of the town of Manheim, Herkimer county.   The plaintiffs claim that the defendant, as such highway commissioner, made an order, without jurisdiction, locating a highway, as altered, through their barnyard, the center line being twenty-five feet from the barn.   The plaintiffs applied for a writ of certiorari on the ground that it appeared "upon the face of said proceedings" that the highway was located through their barnyard.   The writ issued commanding the defendant to return the proceedings with all things appertaining thereto.   The defendant, as such highway commissioner, made return to the writ, attaching thereto all the proceedings in altering and locating the highway, and stating "that none of said alteration and highway proposed passes through the buildings or barnyard of Helen C. Beardslee and Guy R. Beardslee, nor do they pass through any yards of the said Beardslees."

The General Term affirmed the proceedings (45 Hun, 310) and this court affirmed without an opinion (110 N. Y. 680).   This disposition of the proceeding was due to the fact that the language of the return, already quoted, was held an answer to plaintiffs' contention that the highway ran through their barnyard.   The hearing was upon the writ and the return, the appellate courts holding the latter conclusive.   The plaintiffs subsequently obtained a perpetual injunction against defendant's successor in office prohibiting the opening of the highway.   Later this action to recover damages for the false return was brought and two trials have been had.   At the first trial the plaintiffs recovered a verdict, but the General Term reversed the judgment.   At the second trial plaintiffs were non-suited; the General Term affirmed the judgment and the present appeal was taken.

At the last trial the plaintiffs offered to prove that the statement in the return that the highway did not pass through

their barnyard was not true, and that they were damaged in the amount stated in the complaint. The court refused to receive the evidence, and, for the purposes of this appeal, the facts stated in the offer of proof must be taken as true. (*Rehberg* v. *The Mayor*, 91 N. Y. 137–141; *McNally* v. *Phœnix Ins. Co.*, 137 id. 389.)

The learned General Term seems to have proceeded upon the theory that the certiorari proceeding was final, determined the rights of all parties, and that the adjudication cannot be attacked collaterally in this action. This court, having heard the certiorari proceeding on the writ and return, and having no authority to look into the facts, made a proper disposition of the matter upon the record as it then stood, but there is nothing in the decision of that appeal which prevents the plaintiffs from showing that the defendant, as a highway commissioner, acted without jurisdiction and made a false return when he stated that the proposed highway did not run through the barnyard of the plaintiffs. Highway commissioners, in laying out a highway, exercise a special and limited jurisdiction, and although it may be presumed, until the contrary appears, that they have acted legally, it is quite clear their acts may be impeached by showing that they exceeded their powers. (*Ex parte Clapper*, 3 Hill, 460; *Cagwin* v. *Town of Hancock*, 84 N. Y. 532.) Without the consent of the owner no road can be laid out "through any buildings, or any fixtures or erection for the purposes of trade or manufactures, or any yards or enclosures necessary for the use and enjoyment thereof." (1 R. S. 514, § 57; Id. [8th ed.] p. 1372, § 57.) The statute expressly deprives the commissioners of jurisdiction where the road passes through a yard, and provides for a proceeding before the county judge to be confirmed by the General Term of the Supreme Court.

It has been held that commissioners laying out a highway through a yard, etc., were liable to the owner in trespass. (*Clark* v. *Phelps*, 4 Cow. 190.) This case proceeds upon the theory that commissioners acted wholly without jurisdiction. (*The People* v. *Goodwin*, 5 N. Y. 571.) A commissioner of

highways is not a judicial officer in the sense that he is entitled to the common-law protection against a civil action for his misconduct in office. (*People* v. *Wheeler*, 21 N. Y. 82.) When called upon to make his return to the writ of certiorari he acts as a ministerial officer. It is an established rule in this state that where an individual sustains an injury by misfeasance or non-feasance of a public officer, who acts contrary to, or omits to act in accordance with, his duty, an action lies against such officer by the party injured. (*Bryant* v. *Town of Randolph*, 133 N. Y. 75; *Adsit* v. *Brady*, 4 Hill, 630; *Houghton* v. *Swarthout*, 1 Den. 589; *Hover* v. *Barkhoof*, 44 N. Y. 113; *Clark* v. *Miller*, 54 id. 528; *Wilson* v. *The Mayor*, 1 Den. 595, 599; *Rex* v. *Lyme Regis*, 1 Doug. 149; *Rector* v. *Clark*, 78 N. Y. 21.)

The official determination of the defendant as to the fact upon which his power to act depended is not conclusive, and if the fact does not exist his decision that it did does not establish jurisdiction. (*Matter of N. Y. Catholic Protectory*, 77 N. Y. 342; *Dorn* v. *Backer*, 61 id. 261.) Where there is a want of authority to hear and determine the subject-matter of the controversy an adjudication upon the merits is a nullity, and does not estop even an assenting party. (*Matter Will of Walker*, 136 N. Y. 20–29.)

The present action is in the nature of a collateral attack upon the proceedings of the defendant as highway commissioner for want of jurisdiction. Such an attack can be made upon any judgment where there is no jurisdiction. (*Ferguson* v. *Crawford*, 70 N. Y. 253; *Chemung Canal Bank* v. *Judson*, 8 id. 254; Freeman on Judgments, § 120.)

If the plaintiffs shall succeed in proving their case the proceedings must be held void and the return to the writ of certiorari not true.

It is not necessary to impute corrupt motives to defendant; a mistake as to his duty and honest intentions on his part would still leave him liable. (*Houghton* v. *Swarthout*, 1 Den. 589; *Amy* v. *The Supervisors*, 11 Wall. 136.)

It is argued by the appellants here that the decision in the

certiorari proceeding would have been the other way if the defendant had not stated in his return that the highway did not pass through the barnyard of plaintiffs, as the return showed that the center line of the highway three rods wide was twenty-five feet from plaintiffs' barn and would carry the outer line to within three inches of it. · On the other hand, the General Term suggested that the statement of defendant in his return, that the highway did not run through the barnyard of plaintiffs, might be regarded as nothing more than a declaration that in the proceeding before him, as commissioner, he held that the contemplated highway did not run through the barnyard ; or, if it could not bear this construction, it was irrelevant and should be disregarded.

We do not think this statement in the return can be treated as irrelevant as it appears to have exercised a controlling effect in the determination of the certiorari proceeding. The General Term, writing in that proceeding, say : " The relators further claim that the action of the commissioner should be reversed, because the proposed road runs through the barnyard of the relators. The language of the return is an answer to such claim. It says, ' That none of said alteration and highway passes through the buildings or barnyard of the relators, nor do they pass through any yard of the said Beardslees.' " (45 Hun, 312.)

The respondent has referred us to cases holding that a common-law certiorari to an inferior tribunal removes only the record, and if the return contains anything more it will be disregarded *pro tanto*.

This rule of the common law which treated the writ of certiorari as analogous to a writ of error, has no application to our present statutory proceeding where the writ of certiorari cannot issue to review a determination in a civil action or special proceeding by a court of record, or a judge of a court of record. (Code, § 2121.) The office of the writ is to compel the body or officer whose proceedings are under review to make a return of the proceedings, and a statement of the other matters specified in and required by the writ. (Code,

§ 2134.) The Code of Civil Procedure, in providing what questions are to be determined upon the return of the writ, names first, jurisdiction of the subject-matter. (§ 2140.)

In the matter at bar the writ in the certiorari proceeding commanded the defendant to certify and return his proceedings " with all things appertaining thereto," and we are of opinion that his declaration in the return, that the highway did not pass through the barnyard, was material and made in obedience to the writ, exercised a controlling influence in that proceeding, and he is liable in this action, if, after due trial of the issues, it proves to have been false and the plaintiffs damaged thereby.

The judgment should be reversed, with costs to abide the event.

All concur, except Andrews, Ch. J., not sitting.

Judgment reversed.