THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP E. MILLER, Respondent, *v.* FREDERICK W. WURSTER, Commissioner of the Fire Department of the City· of Brooklyn, Appellant.

1. CERTIORARI — CODE CIV. PROC. § 2138 — COURT, ON HEARING, RESTRICTED TO FACTS IN RETURN. The provision of section 2138 of the Code of Civil Procedure, that the cause, upon a return to a writ of cer·.tiorari, ''must be heard upon the writ and return, and the papers upon 'which the writ was granted," does not mean that the court is at liberty to look beyond the return and consider the facts stated in the petition and accompanying papers; unless the return is an admission of those facts or the equivalent of an admission

2. CERTIORARI TO REVIEW REMOVAL FROM MUNICIPAL DEPARTMENT — [EFFECT OF RETURN AS A DENIAL OF ALLEGATIONS OF PETITION — RECOURSE TO PETITION NOT PERMISSIBLE. When the return to a writ of certiorari issued to review the determination of the head of a municipal fire department, having power to dismiss members, after trial, for absence without leave, in dismissing the relator from membership in the department, states that the dismissal was imposed upon an adjudication, after a trial, that the relator had been absent from duty without leave, and that on the trial he pleaded guilty to such charge, and does not show that any evidence was offered by the relator upon the trial to excuse the absence charged, and is certified to be a true copy of all the proceedings had concerning the dismissal of the relator, and has no apparent defect, and the petition for the writ contains statements tending to constitute an- excuse for the absence,

alleged to have been given on the trial, the return is in effect a denial of
the allegations of the petition, and the court cannot go outside of the
return and consider the statements of the petition in explanation of the
relator's absence, for the purpose of annulling his dismissal.

People ex rel. Peck v. Commissioners, etc., 106 N. Y. 64, distinguished.
People ex rel. Miller ·r. Wurster, 91 Hun, 233, reversed.

(Argued June 9, 1896 ; decided June 16, 1896.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made December 2,
1895, which reversed and annulled, upon certiorari, the
action of the commissioner of the fire department of the
city of Brooklyn in removing relator from membership in the
department.

The relator sets forth, in his petition for a writ of certiorari,
his appointment in 1890 as a member of the fire department
of the city of Brooklyn; that on the 8th day of January,
1895, the commissioner of the fire department irregularly
illegally and without cause removed him from such depart-
ment; that he was charged on January 3d, 1895, with having
been intoxicated and that he was found guilty upon said
charge before the said commissioner, notwithstanding his plea
of not guilty, and that the evidence fails to support the
charge; that on December 30, 1894, January 1st and January
3d, 1895, he was charged with absence without leave from his
company's quarters and, a trial being had thereupon, he was
found guilty; that at the hearing on said charges he admitted
his absence at the times alleged and stated to the commissioner
that said absences were caused by reason of his sickness and
his inability to perform duty at the times specified in said
charges. The petition then goes on to narrate, at some length,
that between the 30th day of December, 1894, and January 3d,
1895, and at the times when he was absent from quarters without
leave, that he had been attacked by bodily pains and dizziness ;
that he had unsuccessfully endeavored to procure the attend-
ance of the fire department surgeon ; that he had informed the
assistant foreman of his company of the refusal of the surgeon
to examine or prescribe for him ; that on January 3d, having

1896.]     People ex rel. Miller *v.* Wurster.     551

N Y Rep.]                Statement of case.

partially recovered, he reported to his company's quarters
and continued to discharge his duties until his dismissal.
Accompanying the relator's petition was an affidavit by his
wife, tending to corroborate the petition with respect to the
facts alleged therein as to the relator's illness and failure to
procure the attendance of the surgeon. The writ of certiorari
recited the allegations contained in the relator's petition and
commanded the respondent, the fire commissioner, to certify
and return under his hand, " all the proceedings had touching
the removal and dismissal of said Philip E. Miller from said
fire department; the charges preferred against him on the
31st day of December, 1894, and January 1st and 3d, 1895,
together with all the testimony taken at the hearing on said
charges on the 8th day of January, 1895, and all statements
made at said hearing by petitioner."

In obedience to the writ, the respondent made a return
which purported to contain all the proceedings and other mat
ters specified in and required by the writ. The return was
made up of the four specific charges of absence without leave,
with specifications of date and length of absence, and one
charge of intoxication, with specification of date and circum-
stances. It contained the record of the hearing before the
respondent, as commissioner, on January 8, 1895, and the
sworn testimony taken at the trial; from which it appeared
that the relator was examined at the hearing and, upon being
interrogated as to how he pleaded to each of the charges,
answered " guilty," except as to the charge of intoxication;
as to which he pleaded " not guilty." No testimony by him
appears in the record other than what has been stated. The
foreman and assistant foreman testified before the commis-
sioner, and their testimony went to prove the absences without
leave of the relator; but the foreman testified that the relator
was not, at the time when so charged, under the influence of
liquor. The record then contains the statement that, " after
hearing the above testimony the commissioner adjudged Philip
E. Miller guilty of being absent without leave from the proper
authority, as charged, and pronounced the sentence that he be

dismissed from the department, to take effect immediately. This sentence was pronounced in presence of the accused, who accepted the same and then left the room." An extract from the minutes of the fire department showing the past record of the relator was also appended to the return. At the end of the return the respondent certified as follows : " I certify that the above is a true copy of all the proceedings had before me concerning the dismissal of Philip E. Miller. F. W. Wurster, Commissioner."

*Joseph A. Burr* for appellant. If the relator was guilty of the charges of being absent without leave, and such absence was not accompanied by any satisfactory explanation, the fire commissioner had power to dismiss him from the force. (Laws of 1888, chap. 583, § 9 ; Laws of 1889, chap. 371.) Notwithstanding the provisions of section 2138 of the Code, the return to a writ of certiorari is conclusive as to all the facts contained in it and directed by the writ to be returned. (*People ex rel. v. French,* 25 Hun, 111 ; *People ex rel. v. Hayden,* 27 N. Y. Supp. 893 ; *People ex rel. v. Robb,* 31 N. Y. S. R. 641; *People ex rel. v. Dains,* 38 Hun, 45.) The statement in the return, that the proceedings were had as therein set forth and that the return is a true copy of all the proceedings is equivalent to a denial that anything occurred upon the hearing except as stated in such return. (*People ex rel. v. Robb,* 31 N. Y. S. R. 640 ; *People ex rel. v. Lohnas,* 8 N. Y. Supp. 105.) If the relator deemed the return defective, as it certainly was, if it failed to embody all the proceedings which resulted in the determination under review, he might have sued the respondent for a false return. (*People ex rel. v. Lohnas,* 8 N. Y. Supp. 105 ; *People ex rel. v. Robb,* 31 N. Y. S. R. 640.) The fact that after the guilt of the relator was established by his plea of guilty, unaccompanied by any explanation, the record of the relator was considered in connection with the question of his punishment is no ground for reversing the proceeding of the commissioner. (*People ex rel. v. Roosevelt,* 2 App. Div. 536 ; *People ex rel.*

1896.]    People ex rel. Miller v. Wurster.    553

N. Y. Rep.]    Opinion of the Court, per Gray, J.

v. *Roosevelt,* 2 App. Div. 498.)  If the relator was guilty of misconduct, or neglect of duty, it is not in the power of the court to review the sentence pronounced by the commissioner, and it is not for the court to say whether the punishment was commensurate with the offense.  (*People ex rel.* v. *French,* 23 N. Y. S. R. 384; *People ex rel.* v. *Purroy,* 46 N. Y. S. R. 910; *People ex rel.* v. *Hayden,* 57 N. Y. S. R. 660; *People ex rel.* v. *French,* 18 N. Y. S. R. 233.)

*Edward F. O'Dwyer* for respondent.  The hearing must be had upon the writ and return and the papers upon which the writ was granted.  (Code Civ. Proc. § 2138; *People ex rel.* v. *Comrs., etc.,* 106 N. Y. 64; *People ex rel.* v *MacLean,* 57 Hun, 143; *People ex rel.* v. *French,* 119 N. Y. 507.)  The respondent was a member of the fire department employed on the force for extinguishing fires and protected from removal except upon conviction of certain specified offenses.  (Laws of 1888, chap. 583, § 9; Laws of 1889, chap. 371, § 2; Laws of 1873, chap. 863; *People ex rel.* v. *Comrs., etc.,* 26 Hun, 533; *People ex rel.* v. *Board of Fire Comrs.,* 106 N. Y. 260.)  The charge of intoxication was not proved.  (*People ex rel.* v. *MacLean,* 57 Hun, 143; *People ex rel.* v. *French,* 119 N. Y. 507.)  The record of the respondent was not before the appellant and its consideration by him was error.  (*People ex rel.* v. *French,* 119 N. Y. 507; *Ring* v. *City of Cohoes,* 77 N. Y. 90.)  The General Term having reversed the action and proceedings of the commissioner upon the evidence, this court will not review that decision.  (*People ex rel.* v. *Board of Fire Comrs.,* 106 N. Y. 262; *People ex rel.* v. *French,* 119 N. Y 507.)

Gray, J.  There does not appear to be any legal ground upon which the reversal by the General Term of the commissioner's action, in dismissing the relator, can rest, when the return of the respondent to the writ is considered, and it is evident that the court, in determining as it did, was influenced by a consideration of the facts set forth in the relator's

petition.    When we refer to the opinion delivered at the
General Term, we find that such is the fact and that the
General Term justices deemed, because the return of the
respondent was silent as to the allegations of the relator's
petition, that those allegations must be considered and taken
as a correct and truthful statement of the facts.    The opinion
states that the facts constituting the cause of the relator's
involuntary absences were fully set forth in the petition and,
influenced by that view of the case before them, the learned
justices deemed that the conviction of the relator was illegal
and unjust.    I think that there has been quite a misappre-
hension, on the part of the General Term justices, as to the
nature and scope of the hearing which is to be had upon the
writ and the return thereto.    Section 2138 of the Code of
Civil Procedure provides that the cause "must be heard
upon the writ and return, and the papers upon which the
writ was granted."    That, however, does not mean anything
else than a specification of what the General Term must have
before it at the time of the hearing and upon which it
must base its decision.    It does not mean that the court is at
liberty to look beyond the return and to consider the facts stated
in the petition and accompanying papers; unless the return
made by the respondent should be an admission of those facts,
or the equivalent of an admission.    The object of the writ of
certiorari is that the court shall have certified and returned to
it the proceedings of the body, or officer, to whom the writ is
directed, in order that it may consider the same and their regu-
larity and legality and thus be enabled to determine as to
whether the complaint made by the relator, in respect thereto,
is borne out.    If the return is defective, provision is made by
section 2135 of the Code that a further return may be directed
by the court and the relator would be at liberty, if the return
was evasive, or not sufficiently full, to move the court to compel
a further return.    (*People ex rel. Press Pub. Co.* v. *Martin,*
142 N. Y. 228.)    In the case of *People ex rel. Peck* v. *Com-
missioners, etc.* (106 N. Y. 64), to which the relator's counsel
refers, the petition of the relator set forth that his removal had

been irregular and illegal, and the return made by the commissioners to the writ of certiorari issuing upon the petition showed a resolution which dismissed the relator. It was, therefore, very properly held in that case, as the return was a plain admission of a summary dismissal, without trial or hearing, that the facts in the moving papers became important and should be considered. In this case, however, when the cause came on for hearing, upon the return to the writ of certiorari, the court had before it a return by the commissioner, which was certified to be "a true copy of all the proceedings had before him concerning the dismissal of the relator." As in that return it nowhere appeared that any evidence was offered by the relator upon his trial, to excuse himself for having been absent without leave upon the several occasions specified; and it did appear that he pleaded guilty to each charge, the return was in effect a denial of the allegations of the relator's petition. There was no apparent defect in the return. It was certified to contain all that had taken place at the trial and the court below was not at liberty to consider anything else than the return. The relator might have moved the court to direct the commissioner to make a further return, if he believed that any testimony had been suppressed, which would have related to the allegations of his writ; but he did not elect to take that course and, in all probability, in view of the explicit certificate by the commissioner, it would have been unavailing. If the return is false, the relator has his remedy by action against the commissioner as for a false return; but, as the case is presented, the court below was bound, and we are bound here, to take the return as true. (*People ex rel. Press Pub. Co.* v. *Martin, supra; Beardslee* v. *Dolge,* 143 N. Y. 160.)

It follows from the views I have expressed, that the order of the General Term should be reversed and that the proceedings and determination of the commissioner should be affirmed, with costs.

All concur.

Order reversed.