(17 App. Div. 197.)

PEOPLE ex rel. BALDWIN v. BARNES et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

1. NEWSPAPERS—DESIGNATION TO PUBLISH LAWS.

The democratic members of the board of supervisors signed and offered to the board a resolution reciting that it was "resolved, in conformity with the law in such cases made and provided, that the Watkins Review * * * be, and the same is hereby, duly designated as the second paper for the publication of the Session Laws of 1897." One of said members then moved that said paper be designated, and his motion was adopted by the board. *Held*, that such resolution was effectual as a designation, and was not a mere resolution acted on by the board of supervisors, since the board, as such, had no power to make a designation.

2. SAME—REVIEW—PARTY AGGRIEVED.

The proprietor of a newspaper which does not represent either of the political parties in the county, and therefore cannot be designated to publish the Session Laws, is not aggrieved by the improper designation of another newspaper, and therefore cannot maintain certiorari to review such improper designation.

3. CERTIORARI—VERITY OF RETURN.

The court is obliged to take the facts stated in the return of the writ of certiorari as absolutely true.

Certiorari by William H. Baldwin to review the determination of Charles Franklin Barnes and Charles B. Swartwood, as two of the supervisors of Schuyler county, designating the Watkins Review as a newspaper representing the Democratic party for the publication of the session laws and concurrent resolutions of the legislature in the said county of Schuyler. Quashed.

The questions submitted in this case arise upon the return to a writ of certiorari issued on December 4, 1896, on the petition of the relator for the purpose of reviewing the proceedings of the defendants as a majority of the Democratic members of the board of supervisors of Schuyler county in designating, on the 1st day of December, 1896, the Watkins Review as the newspaper to publish the session laws and concurrent resolutions of the legislature. The petition sets forth that relator was, and had for 20 years been, the proprietor of a newspaper called the "Watkins Democrat," issued weekly in the village of Watkins, in said county of Schuyler, N. Y.; that for 20 years it has represented the Democratic party, which is one of the two principal political parties into which the people of Schuyler county are divided. At the time of

the last election, and during the last presidential campaign, it was the only newspaper in the county of Schuyler which advocated the election of the regular Democratic candidates nominated in and for the office to be filled in said county by the regular Democratic party in convention assembled. The relator further stated in the petition that his newspaper at the last election did not support the nominees of the Democratic convention held at Chicago, or the state ticket afterwards nominated by the same party, but did support the persons nominated for national and state offices by the National Democratic party. That the Watkins Democrat is, and for years last past has been, the only Democratic newspaper published in the county of Schuyler; that the Watkins Review is a nonpartisan newspaper, printed in said county, owned by John Corbett, one of the Republican members of the board of supervisors thereof; that the respondents, a majority of the Democratic members of the board of supervisors, on December 1, 1896, designated the Watkins Review as one of the papers in which to publish the session laws and concurrent resolutions of the legislature; that the Watkins Review does not represent either of the two principal political parties into which the people of said county are divided, and the designation does great injustice to the relator, whose paper, the Watkins Democrat, fairly represents the political party to which the majority of the Democratic members of said board belong. The return of the respondents denies that they had in fact made any legal designation of the Watkins Review, as alleged in the petition, but admitted that they had offered to the board of supervisors written resolutions, signed by them, of one of which the following is a copy:

"Resolved, in conformity with the law in such cases made and provided, that the Watkins Review, a weekly newspaper published in the village of Watkins, in said county, be, and the same is hereby, duly designated as the second paper for the publication of the session laws of 1897, as it more fairly represents the Democratic party than any other paper published in Schuyler county.

"Charles B. Swartwood.
"J. Franklin Barnes."

The return also sets forth that after offering said resolution "Supervisor Barnes moved that the Watkins Review be designated as the second paper to publish the laws of 1897, and his motion prevailed. The chair declared the Watkins Review was duly designated." The return also contained the following allegations: "The respondents herein further certify and return that the paper mentioned in the petition and writ as the Watkins Democrat did not, either fairly or at all, represent the political party to which the respondents herein belong, and belonged at the last preceding election, for state and national nominees, and at the time the said paper the Watkins Review was designated as aforesaid to publish the session laws for 1897; that the party represented by the said paper the Watkins Democrat at that time polled but thirty-six votes in the county of Schuyler, where said paper was published and circulated; and said Watkins Democrat did not at that time, and does not now, represent the Democratic party; neither did it at that time, nor does it now, represent one of the two principal political parties into which the people of Schuyler county are divided; neither did it then, nor does it now, fairly represent the political party to which these respondents belong." Also stated that no proof was offered by the relator before the board of supervisors that the Watkins Democrat represented the political party to which the respondents belonged; while, on the contrary, the proceedings of the Democratic committee of said county were proved, by whom resolutions were passed as follows: "The Democratic Committee of Schuyler County, in regular session on the afternoon of October 16th, Dr. J. F. Barnes presiding, unanimously passed the following resolutions, introduced by Dr. John M. Quirk, of Montour Falls: 'Whereas, the Watkins Democrat is advocating the candidacy of Palmer and Buckner, Griffin and Heinrichs, and De Melville Page for congress, in this Twenty-Ninth district, nominees of the so-called "National Democratic Party," does not represent the regular organization of the nation, state, and congressional district of Schuyler county: Therefore, resolved, that it is the sense of this body, the Schuyler County Democratic Committee, that the Watkins Democrat is not a representative Democratic paper, and is not entitled to the party patronage.'" The return also contains a general denial of the allegations contained in the petition, setting forth the right of the Watkins Democrat to be designated as

the paper to publish the session laws and concurrent resolutions of the legislature.

Section 19, c. 686, Laws 1892, contains the following provision: "The members of the board of supervisors in each county representing, respectively, each of the two principal political parties into which the people of the county are divided, or a majority of such members representing, respectively, each of such parties shall designate in writing a paper fairly representing the political party to which they respectively belong, to publish the session laws and concurrent resolutions of the legislature required by law to be published, which designation shall be signed by the members making it and filed with the clerk of the board of supervisors."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John A. Reynolds and Daniel S. Tuttle, for relator.
W. E. Bishop, for respondents.

PUTNAM, J. The statute above quoted provides for the designation of two papers fairly representing each of the two principal parties into which the county is divided. The designation is not to be made by the board of supervisors, but by a majority of the supervisors representing, respectively, each of said parties, and the papers to be designated must not only fairly represent one of the principal political parties, but also represent the political party to which the majority making the designation belong. It is claimed by the respondents that the resolution above set out, made, signed, and presented to the supervisors by them, was not intended as, and was not, a designation of a paper in which to publish the session laws and concurrent resolutions of the legislature, but was intended as and was a mere resolution submitted to, and to be passed upon by, the board of supervisors. We think this contention cannot be sustained. What is called a resolution was in fact a written designation, made by a majority of the Democratic members of the board. The act conferred no power on the board of supervisors to pass on the designation, and the subsequent vote of the board had no force and effect. It is difficult to see how the Democratic majority could have made any other or more effective designation of a newspaper in which to publish the session laws and concurrent resolutions than the resolution above quoted to which they affixed their signatures. As, under the statute, a designation was to be made by a majority of the Democratic members of the board of supervisors, and the respondents composed such majority, and made the determination complained of, we are not prepared to say that the writ issued on the application of the relator was not properly directed to them under the provisions of section 2129 of the Code of Civil Procedure. We are therefore brought to the question whether the papers presented to us establish the fact that the Watkins Democrat fairly represented the political party to which the majority of the Democratic members of the board of supervisors of Schuyler county belonged. We think this question is answered by the foregoing statement of the facts of the case. The allegations contained in the petition are squarely denied in the return. That paper avers that the Watkins Democrat "did not, either fairly or at all, represent the political party to which the respondents herein belong"; the party repre-

sented by the paper in question only polled 36 votes in the county of Schuyler at the last election; that said paper did not then, and does not now, represent the Democratic party, or one of the two principal parties into which the people of Schuyler county are divided. It appears from the return that the Watkins Democrat supported at the last election different candidates for president, vice president, governor, lieutenant governor, and member of congress from those supported by the respondents. We are compelled to take the statements of fact contained in the return as true. We are not authorized to go beyond the return, and consider the facts stated in the petition, unless admitted by the return. People v. Wurster, 149 N. Y. 549, 44 N. E. 298. As said in People v. Martin, 142 N. Y. 228, 36 N. E. 885, "We are bound to take the return as absolutely true." Therefore, on the papers submitted to us, it does not appear that the relator was entitled to have his paper designated. If we are permitted to take judicial knowledge of contemporary history, we are of opinion that the National Democratic party of 1896, which was supported by the Watkins Democrat, was a very different one from the Democratic party (so called) whose national convention was held at Chicago, with a different platform and principle, and different nominees. As it appears, therefore, that the paper of which the relator was the proprietor did not fairly represent the political party to which the majority of the Democratic members of the board of supervisors belonged, or one of the two principal parties into which the people of Schuyler county were divided; as that paper supported other candidates for president, vice president, governor, lieutenant governor, and member of congress than those supported by the respondents,—the relator is not in a position to complain of the action of the Democratic majority in refusing to designate the Watkins Democrat as the paper in which to publish the session laws and concurrent resolutions of the legislature at the time in question. Under the state of facts shown by the return, the Democratic majority of the board of supervisors, under the statute, had no power to designate the Watkins Democrat.

It does not appear from the facts stated in the return that the Watkins Review was properly named as a paper to publish the session laws and concurrent resolutions of the legislature. The return fails to show that such paper fairly represented the political party to which the Democratic majority of the board belonged. If so, the designation was unauthorized, and probably void. But, as the facts appearing in the return show that the Democratic majority could not legally have designated the Watkins Democrat, the relator has no standing in court. He was not injured—not being entitled to a designation of his paper—because the board had made an unauthorized designation. The writ of certiorari issues only in favor of a party aggrieved (Code Civ. Proc. § 2127); and where it appears by the return that the relator is not aggrieved, the writ should be dismissed.

We conclude that the writ should be quashed, with $50 costs and disbursements. All concur.