PEOPLE ex rel. McGUIRE v. MONROE et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. CERTIORARI—RETURN—ADMISSIONS.

Under Code Civ. Proc. § 2138, providing that the hearing of a writ of certiorari must be on the writ and return and the papers on which the writ was granted, facts alleged in the petition for the writ must be treated as admitted where the return is silent with regard thereto.

2. SAME—MUNICIPAL CORPORATIONS—OFFICERS—CHARGES—REVIEW.

Where a petition for certiorari to review an officer's dismissal from a municipal position alleged that the determination of the deputy commissioner that relator was guilty was not his free and honest determination, but was induced by threats by the person preferring the charges, and that at the close of the hearing the commissioner examined the evidence, and told the deputy and the prosecutor that the charges were frivolous and ridiculous, and that relator must not be removed, whereupon prosecutor threatened to resign unless relator was found guilty and removed, and that relator's determination of guilt was then decided on under such threat, which allegation was not denied by the return, the determination should be annulled.

Certiorari by the people, on the relation of William R. McGuire, against Robert Grier Monroe, as commissioner of water supply, gas and electricity of the city of New York, and Robert Van Inderstine, as deputy commissioner for the borough of Brooklyn, to review the determination of the deputy commissioner dismissing relator from his position as financial clerk. Determination annulled.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Sanders Shanks, for relator.

Edward H. Wilson (James D. Bell, on the brief), for respondents.

HIRSCHBERG, P. J. It may be that no one of the charges or specifications of which the relator has been found guilty would be regarded by itself as sufficient to justify his dismissal from service in the department. But, taken as a whole, and involving as they do, if true, both incompetency and insubordination, we might not feel at liberty to reverse the decision upon the facts, even if upon those facts we would probably have reached a different conclusion. It is sufficient to support the finding and sentence that the conviction is based upon proof which is adequate to support the result, which is free from material legal error, and which cannot be fairly said not to preponderate in accordance with the conclusion reached. But the petition upon which the proceedings were instituted contains material allegations of fact, which, if we are required to regard them as true, destroy the value of the decision by impairing its good faith and integrity, and necessarily compel the annulment of the determination.

It is alleged in the petition, and not denied by the return, either expressly or impliedly, that the determination made by the respondent the deputy commissioner, to the effect that the relator was guilty of the charges in question, was not his free and honest determination, but was induced and procured by threats made by the water registrar, by whom the charges had been preferred, and by whom evidence was given

against the relator upon the trial; that upon the close of the hearing the respondent the commissioner examined the evidence and told the deputy and the registrar that the charges were frivolous and ridiculous, and that the relator must not be removed; that the registrar thereupon began an argument in favor of a finding of guilt, and finally said that he would resign his position unless the relator was found guilty and removed; and that the determination of guilt was then decided upon under the influence of the threat of resignation so made by the author of the charges.

The main question of law argued before us relates to the effect to be given to these allegations of fact. It is not doubted that at common law the return was conclusive as to the facts, and that the court was not permitted to go beyond it. By section 2138 of the Code of Civil Procedure, however, it is now expressly provided that the hearing of the certiorari must be "upon the writ and return and the papers upon which the writ was granted." The language of this section received judicial construction in the case of People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298, and it was held that such language does not mean that the court is at liberty to look beyond the return, and consider the facts stated in the petition and accompanying papers, unless the return is an admission of those facts, or the equivalent of an admission. The learned counsel for the respondents argue that the inference to be deduced from that case is not that a failure to deny in the return material allegations of ·fact contained in the petition is to be regarded as the equivalent of an admission of such facts, and contend that, in order to justify the inference of an admission, the return must contain specific allegations which may fairly be construed as intending, or at least involving, the admission. In the recent case of People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 59 N. E. 770, the Court of Appeals had occasion to consider the force of the decision and language employed in the opinion in the case of People ex rel. Miller v. Wurster, supra, and held that, while the statements in the return to a writ of certiorari import absolute verity, when it is silent as to material allegations of fact contained in the petition the presumption is that the officers making the return intended to admit those allegations. Referring to section 2138 of the Code of Civil Procedure the court said (page 170, 166 N. Y., and page 772, 59 N. E.):

"This section was further considered in People ex rel. Miller v. Wurster, 149 N. Y. 549, 554, 44 N. E. 298, where we said: 'It does not mean that the court is at liberty to look beyond the return, and to consider the facts stated in the petition and accompanying papers, unless the return made by the respondent should be an admission of those facts or the equivalent of an admission.' In that case it was held that 'the return was, in effect, a denial of the allegations of the relator's petition,' and hence that those allegations could not be considered. In other words, all allegations of the petition which are denied expressly or impliedly cannot be made the basis of judicial action, but such allegations as are not denied, even indirectly, are to be regarded as admitted. While the statements in the return import absolute verity, when it is silent as to ·material allegations of fact contained in the petition the presumption is that the officers making the return intended to admit those allegations; but this presumption does not extend to conclusions of law which are not admitted, even if not denied. This construction avoids motions to amend the return, and appeals both to the conscience and the pocket of the officer making the return, for it obliges him to truthfully meet the case made by the petition, or to rest

under the imputation and become subject to the penalty of making a false return. Beardslee v. Dolge, 143 N. Y. 160, 38 N. E. 205,.42 Am. St. Rep. 707."

It follows that the determination herein should be annulled, and the relator restored to his position.

Determination annulled, with costs, and relator restored to his position. All concur.