(101 App. Div. 33)

PEOPLE ex rel. ROSENBERG v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, Second Department. January 20, 1905.)

1. POLICE OFFICERS—PREFERRING CHARGES—VERIFICATION.

An inspector of police, an officer provided for by Greater New York Charter (Laws 1901, p. 118, c. 466) § 276, is a subordinate officer within section 300, and police rule 280, authorizing such an officer to prefer charges in writing against a patrolman without verification on information furnished him by another person.

2. SAME—REVIEW ON CERTIORARI.

The allegation, in the petition for certiorari to review the action of the police commissioner in removing relator as patrolman, that relator is informed and believes that certain affidavits were considered by respondent, where the source of information and grounds of relief are not disclosed, is not an allegation of fact which requires a denial.

3. SAME—INVESTIGATING CHARGES—REGULARITY OF PROCEEDINGS.

The fact that the police commissioner had before him the affidavits on which charges preferred against relator as police patrolman were based in his investigation could not have prejudiced relator, where the persons who made the affidavits were witnesses before the commissioner, and relator had an opportunity to cross-examine them.

Certiorari on the relation of Israel Rosenberg against Francis V. Greene, as police commissioner of the city of New York, to review the action of respondent in removing relator from the police force. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Jacob Brenner, for relator.
James D. Bell (Edward H. Wilson, on the brief), for defendant.

PER CURIAM. The relator, a patrolman, who had served about 10 years, was charged with conduct unbecoming an officer, in that on the 7th day of January, 1903, he had agreed to receive from one Meyer Steinbrink the sum of $25, and had promised, in consideration of such sum, to testify in favor of one Samuel Selig in the trial of an action. Upon the hearing of this charge before one of the deputy commissioners

of police the relator was found guilty, and he has been removed from his position. He seeks a reinstatement upon this review.

It is urged upon the part of the relator that the charge in this case was made by Meyer Steinbrink, and that under the provisions of rule 280, adopted by the commissioner of police under the authority of the Greater New York Charter, it was necessary that the charge should have been made under oath. But the return to the writ shows that the charge was made by "Moses W. Cortright, chief inspector," an officer provided for by section 276, c. 466, p. 118, of the Laws of 1901, and who is clearly a "subordinate officer" within the meaning of the rule referred to. The fact that such officer may have made the charge upon information furnished by Meyer Steinbrink is of no importance. The rule and the statute are satisfied when charges are made in writing (section 300, Greater New York Charter, Laws 1901, p. 127, c. 466) by a subordinate officer of the police department, without verification, and the only question to be determined is whether the evidence is sufficient to support the determination reached by the deputy commissioner of police, whose authority to try the relator is not brought into question. We have examined the testimony, and we are persuaded that the result is supported by the evidence, and that the contention of the relator that "in making the determination a rule of law affecting the rights of the relator has been violated to the prejudice of the relator" is without force. This latter contention is based upon the assertion in the brief for the relator that it is alleged in the petition that the affidavits of Steinbrink and Selig "were considered and acted upon by the deputy commissioner in making his determination or decision as though the same had been offered in evidence," and that this allegation was not denied in the return. We find no such allegation in the petition. The allegation of the petition is that the relator is informed and believes that the affidavits were considered, but the source of information and the grounds of belief are not disclosed, and no averment of fact is made which called upon the respondent for a categorical denial. In this respect the case differs from People ex rel. McGuire v. Monroe, 97 App. Div. 283, 89 N. Y. Supp. 929, wherein we recently held that, when the return to a writ of certiorari is silent as to material allegations of fact contained in the petition, the presumption is that the officers making the return intended to admit those allegations.

Even, however, if the allegation of the use of the affidavits were to be regarded as an allegation of the fact based upon information and belief, we do not regard it as of controlling importance in this case. The return states "that this return and the schedules hereto annexed contain, as commanded by said writ and directed by statute, all and singular, the proceedings had herein by the police department of the city of New York." The return shows upon its face charges made in the manner and form prescribed by the statute and the rules, followed by a formal trial, in which both Steinbrink and Selig were called as witnesses in support of the charges. This afforded the petitioner an opportunity to cross-examine these men, and to point out any variations between their alleged affidavits and their testimony, and under the rule which prevails in hearings of this character it need not control the result on appeal whether the deputy commissioner considered these alleged

affidavits or not in reaching his determination. The affidavits do not appear in the record. There is no suggestion that they contained anything different from what the witnesses testified to upon the trial, where the petitioner had a full opportunity to develop the truth by cross-examination or by direct evidence to the contrary if such evidence could have been produced. The deputy commissioner certifies "that after the termination of the said trial, hearing, and investigation, the said charges and specifications, testimony taken, and proceedings had were duly considered by the aforesaid second deputy police commissioner," and the evidence and record thus considered are amply sufficient to justify the result reached. So far as the record discloses, there was a fair trial upon the merits, and the fact that the respondent failed to deny the allegation that the relator was told by some one and believed that the affidavits of these men who appeared as witnesses were considered in reaching the result, assuming that such an allegation could be denied under oath, cannot compel the conclusion that legal error has been committed.

The determination of the second deputy police commissioner being supported by the evidence, and no error appearing in the proceeding, the determination should be confirmed, with costs.