### In re MELODY, Sheriff.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

CERTIORARI—REQUIRING FURTHER RETURN.

    Where the return to a writ of certiorari to review the action of the civil service commission in placing certain positions in the competitive class, denies that they have been so placed, and on the hearing it is conceded that they have been, a further return will be ordered, under Code Civ. Proc. § 2135, providing therefor where a return is defective.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 141.]

Action by William E. Melody, sheriff of Kings county, for writ of certiorari to Cuthbert W. Pound and others, composing the state civil service commission. Further return ordered.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, and MILLER, JJ.

Charles H. Hyde, for relator.
Julius M. Mayer, Atty. Gen., for respondents.

JENKS, J. This is a writ of certiorari to review the proceedings of the state civil service commission, granted on the petition of the sheriff of Kings county, informing the court that the commission had placed the positions of assistant deputy sheriffs, keepers of jail, van drivers, and matrons in the classified or competitive class of the state civil service. The commissioners return that they "deny that they at any time placed the positions involved herein, namely, those of assistant deputy sheriff, keeper of the jail, van driver, and matron in the office of sheriff of Kings county in the competitive class." Section 2134 of the Code of Civil Procedure prescribes that there must be made "a return, with a transcript annexed, and certified * * * of the record of proceedings, and a statement of the other matters, specified in and required by the writ." We cannot look back of such a return into the petition and the accompanying papers. People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298. The learned and able Attorney General says that the return was made by his predecessor, and, in effect, as it seems as matter of fact that the positions are in the competitive class, he must conjecture that the return is based upon one of two technical points, though he ventures no further. We are urged by him to accept his concession that, in effect, the return is not in accord with the facts. Although his spirit of concession is entirely commendable, yet I think the court should not proceed, when it must do so upon the concession that the return is not true, in that it is not consistent with matters of fact. I think, under the circumstances, we should order a further return, under the authority of section 2135 of the Code of Civil Procedure as construed in People ex rel. P. P. Co. v. Martin, 142 N. Y. 228, 36 N. E. 885, 40 Am. St. Rep. 592, and People ex rel. Miller v. Wurster, supra. All concur.