VILLAGE OF ELMIRA HEIGHTS, Plaintiff, *v.* JOSEPH LYNCH, as Clerk, and Others, Comprising the Town Board of the Town of Horseheads, Chemung County, New York, Defendants.

Supreme Court, Chemung County, April 19, 1927.

Certiorari — return — review of defendants' action in rejecting relator's claim to certain moneys — defendants, as public officers, should have had facts before them — return is defective — amended return ordered.

Defendants, who filed a return in certiorari proceedings to review their action in rejecting relator's claim to certain moneys paid defendants, but which relator

claims should have been paid to it, should be required to file an amended return as to certain facts incident to the merits of the claim, as to which defendants denied knowledge or information sufficient to form a belief, since defendants as public officers had or could have had before them, when they passed upon relator's claim, all the facts of which they profess to have no knowledge; the denial as recited in the return is so evasive as to come within the definition of a defective return.

MOTION for an order directing defendants to file an amended return in certiorari proceedings.

*McDowell & McDowell,* for the plaintiff.

*Bentley & Bush* [*Frederick Collin* of counsel], for the defendants.

ABRAHAM L. KELLOGG, J.   The relator presented to the defendants a claim against the town of Horseheads for certain moneys and the interest thereon paid to the town by the county treasurer of Chemung county which relator alleged did not belong to the town, but should have been paid to the village, which claim was rejected.   Thereafter a certiorari order was granted by this court to review the determination of defendants.  Defendants made a motion to vacate said order and upon the denial of their motion filed a return.   Relator then made a motion for an order directing the defendants to file an amended return in the particulars specified in the moving papers.   Defendants contend that no right exists to make the motion and the court has no jurisdiction to grant the order.

The argument in support of defendants' position proceeds upon the provisions of section 1300 of the Civil Practice Act that the cause must be heard upon the order and return and the papers upon which the order was granted and the decisions under said section; that the return must be accepted as conclusive and acted upon as true, and that the hearing is confined to the writ and return, except to material and relevant allegations of the petition admitted by the return; that the court has neither the right nor power to amend a return and cannot strike out any part of it or compel any insertion into it.

In other words, it seems to be the contention of the defendants that they may make a return, after rejecting a claim presented against the town, that they have no knowledge or information sufficient to form a belief as to the merits of a claim, and such return must be accepted as true without any determination of the facts alleged in the petition and all the authority that the court has is to direct a further return to be filed if the return filed is defective.

What then is a defective return?   Section 1297 of the Civil Practice Act provides what the return shall consist of.   The order

is granted to review the action of the defendants in rejection of the claim and unless the defendants inform the court as to the basis of their action, what has the court to review? Simply that they have rejected the claim. The court with a denial of the allegations contained in the petition can only accept the return as made and the facts established thereby. Defendants contend that the remedy of the relator is for making a false return, but I am of the opinion that the defendants as public officers have a duty to perform and owe it to the courts to place the court, when reviewing their rejection, in full possession of their reasons for rejecting the claim.

The determination of the defendants is contained in the resolution rejecting the claim, and their statements as to what they did, or considered to be their duty, in the matter is to attempt to modify or explain their action, and is, in the 2d paragraph of the return, an attempt to evade the force and effect of their resolution and of the decision of the court made on the motion to vacate the certiorari order.

In the 4th paragraph of the return the defendants deny knowledge or information sufficient to form a belief concerning each and every allegation in the paragraphs of the petition designated V, VI, X, XI and XII, and the exhibits referred to therein.

When the claim was before the defendants for their action they did not have the petition before them, but simply the claim, and the question before them to determine was, Did the county treasurer of Chemung county pay to the town of Horseheads between January 1, 1921, and August 10, 1925, both inclusive, the sum of $37,090.28, which he should have paid to the relator?

The defendants had or could have had before them when they passed upon the claim of relator:

1. The amount received by the Chemung county treasurer from the State Comptroller under article 9-A of the Tax Law for distribution between the village of Elmira Heights and the town of Horseheads in the years 1920 to 1925, both inclusive, and also the amounts so distributed by him between those municipalities during that period under said law.

2. The total assessment roll of the town of Horseheads in the years 1919 to 1924, both inclusive.

3. The assessment roll of the town showing the assessed valuation of the property in the village of Elmira Heights located within the town of Horseheads in the years 1919 to 1924, both inclusive.

4. The total amount of the town taxes raised by the town of Horseheads in the years 1919 to 1924, both inclusive.

5. The amount of taxes paid by the property in that portion of the village of Elmira Heights located in the town of Horseheads

for town and village purposes during the years 1919 to 1924, both inclusive.

With these facts before it, the defendants could have computed and determined whether there was a basis for relator's claim. They were not bound by the figures presented by the village, but they were public officers charged with the duty of passing fairly and knowingly on relator's claim. Had they done so they could not truthfully deny that they had no knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the petition referred to.

The denial in such form is evasive, and admits that the allegation may be so, but we will not admit them and under the cover of the law we are not allowed to do so. Under the holding of *People ex rel. Miller* v. *Wurster* (149 N. Y. 549) that an evasive return is a defective return, the defendants should be directed to make a further return.

Ordered accordingly, with ten dollars costs.